Charles Burnell COLQUITT, Appellant,

v.

STATE of Texas, Appellee.

No. C14–82–204CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 1983.

Steve Green, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This appeal follows appellant's plea of guilty to an indictment charging theft of property valued at less than $200.00. The court found him guilty of a third degree felony and assessed punishment at two years imprisonment.

■ In his only ground of error, appellant contends that the court convicted him of a crime for which he was not charged. We agree. The indictment alleged a primary offense of theft of property valued under $200.00, with two "enhancement" paragraphs alleging that appellant was twice previously convicted of felony credit card abuse. Tex.Penal Code Ann. § 32.31 (Vernon 1974).

Tex.Penal Code Ann. § 31.03(d)(4)(C) (Vernon Supp.1982) provides that a theft which is otherwise a misdemeanor becomes a third degree felony if the defendant has been previously convicted two or more times of any grade of theft.

■ As the state concedes, credit card abuse is not "theft" within the meaning of § 31.03(d)(4)(C). Consequently, the misdemeanor theft could not become a third degree felony upon proof of two prior convictions for felony credit card abuse. Appellant further contends that the indictment, while not totally defective, is sufficient to support only a conviction for a class C misdemeanor. The indictment provides in pertinent part,

Charles Burnell Colquitt ... did then and there unlawfully commit an offense ... in that he did appropriate property, namely, two packages of meat, owned by Gary Smith, a person having a greater right to possession of the property than

the defendant ... of the value of under Two Hundred Dollars with the intent to deprive the complainant of the property and without the effective consent of the complainant...

Section 31.03(d) provides that an offense is a class C misdemeanor if the value of the property stolen is less than $5.00; a class B misdemeanor if the value of the stolen property is $5.00 or more but less than $20.00; and a class A misdemeanor if the value of the property stolen is $20.00 or more but less than $200.00.

Although the indictment in the instant case is sufficient to allege a misdemeanor offense, its failure to allege the minimum value of the property makes it impossible to delineate the class of misdemeanor alleged. Thus, the indictment will support only a conviction for the least class C misdemeanor offense. *See, Smith v. State,* 573 S.W.2d 546 (Tex.Cr.App.1978); *Suarez v. State,* 532 S.W.2d 602 (Tex.Cr.App.1976); *Schoenberg v. State,* 624 S.W.2d 808 (Tex.App.—Houston [14th Dist.] 1981, *pet. ref'd* ).

Since the 177th District Court appears to have jurisdiction over misdemeanors by virtue of Tex.Rev.Civ.Stat.Ann. art. 199 §§ 174, 177 (Vernon 1969) the judgment is reformed to show a conviction for a class C misdemeanor and the cause is reversed and remanded for assessment of punishment in accordance with this opinion.