**Albert CHAMBERS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00370–CR.**

Court of Appeals of Texas, Dallas.

Aug. 20, 1987.

John H. Hagler, Dallas, for appellant.

Michael A. Klein, Dallas, for appellee.

Before WHITHAM, BAKER and LAGARDE, JJ.

LAGARDE, Justice.

Albert Chambers, Jr. appeals his conviction for the third-degree felony theft offense created by section 31.03(d)(4)(C) of the Texas Penal Code. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(C) (Vernon 1987).[1] Chambers brings four points of error. We reverse and remand on the basis of Chambers's first point of error.

Chambers was indicted for robbery, enhanced with two prior convictions, an aggravated robbery and a burglary. Trial was to a jury on Chambers's plea of not guilty. Chambers elected to have the jury assess his punishment. At the conclusion of all the evidence at the guilt-innocence stage, the court included in its charge to the jury instructions on the lesser-included offense of theft of $20.00 or more but less than $200.00. The jury returned the following verdict:

1. The relevant section is now section 31.-03(e)(4)(C). At the time of the commission of the offense alleged, section 31.03 provided, in relevant part, as follows:

> (a) A person commits an offense if, with intent to deprive the owner of property:
>
> \* \* \* \* \* \*
>
> (2) he exercises control over the property, other than real property, unlawfully.
> (b) ... [E]xercising control over property is unlawful if:

We, the jury, find the defendant, Albert Chambers, Jr., guilty of theft of $20.00 or more but less than $200.00.

After being arraigned, outside the jury's presence, on the second and third paragraphs of the indictment containing the prior convictions for aggravated robbery and burglary, the allegations of the two prior convictions were presented to the jury. Chambers pleaded "not true" to both the prior convictions for aggravated robbery and burglary.

At the conclusion of the evidence on punishment, the trial court charged the jury, in relevant part, as follows:

> The defendant has been found guilty of the offense of theft.
>
> \* \* \* \* \* \*
>
> Our law provides that any person who commits the offense of theft and the value of the property appropriated is less than $200.00 but more than $20.00 and such person has been previously convicted two or more times of any grade of theft, he is guilty of a third-degree felony. The punishment authorized for a third-degree felony is confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years. In addition to imprisonment, a fine may be imposed not to exceed $5,000.00.
>
> Now if you find from the evidence beyond a reasonable doubt that prior to the commission of the offense for which you have found the defendant guilty, to-wit: theft on the 11th day of November, 1985, that on the 30th day of November A.D. 1979, in the Criminal District Court No. 3, of Dallas County, Texas, in cause number F79-8135-HJ, on the docket of said Court, the said Albert Chambers,

> (1) the actor ... exercises control over the property without the owner's effective consent; ...
>
> \* \* \* \* \* \*
>
> (d) An offense under this section is:
>
> \* \* \* \* \* \*
>
> (4) a felony of the third degree if:
>
> \* \* \* \* \* \*
>
> (C) the value of the property stolen is less than $200.00 and the defendant has been previously convicted two or more times of any grade of theft; ....

Jr., under the name of Albert Chambers, was duly and legally convicted in said last named Court of a felony, to-wit: Burglary of a Building, as charged in the indictment, upon an indictment then legally pending in last named Court and of which said Court had jurisdiction, and said conviction was a final conviction and was a conviction for an offense committed by him, the said Albert Chambers, Jr., prior to the commission of the offense for which you have now convicted him and further that prior to the commission of each of the aforesaid offenses by the said Albert Chambers, Jr., to-wit: on the 29th day of July, A.D. 1975, in the Criminal District Court No. 3, of Dallas County, Texas, in cause number F75–6695–KL on the docket of said Court, the said Albert Chambers, Jr., under the name of Albert Chambers, Jr., was duly and legally convicted in said last named Court of a felony, to-wit: Aggravated Robbery, as charged in the indictment, upon an indictment legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said Albert Chambers, Jr., then you will set punishment as is authorized above for a third degree felony.

If you do not so believe from the evidence, or if you have a reasonable doubt thereof, that the defendant committed the two prior offenses of the grade of theft as set out above, then you will set punishment for a class "B" misdemeanor.

Our law provides that when a person has been convicted of a class "B" misdemeanor, the punishment authorized is: (1) a fine not to exceed $1,000.00; (2) confinement in jail for a term not to exceed 180 days; or (3) both such fine and imprisonment.

At trial, Chambers objected to the court's charge on the grounds that section 31.-03(e)(4)(C) does not apply and that the indictment was not sufficient to put him on notice that he had been charged with the offense of felony theft. Chambers further urged at trial that the two prior convictions constitute a jurisdictional element of the offense rather than enhancement provisions for punishment purposes. Additionally, at trial, Chambers objected on grounds that the two prior convictions of burglary and aggravated robbery do not constitute convictions "of any grade of theft."

On appeal, in four points of error, Chambers asserts: (1) that the jury was improperly permitted to assess punishment for such offense as a third-degree felony, reasserting the same grounds asserted at trial; (2) that the admission of the oral statements that were the product of custodial interrogation constituted reversible error; (3) that the jury instructions regarding parole and good time constituted a violation of the separation of powers doctrine; and (4) that the jury instructions regarding parole and good time constituted a denial of due process.

At the conclusion of the guilt-innocence stage of the trial, the jury found Chambers guilty of the offense of "theft of $20.00 or more but less than $200.00." Theft of property having a value of $20.00 or more but less than $200.00 ordinarily constitutes a misdemeanor, but may constitute a third-degree felony in some circumstances. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(C) (Vernon 1987). If the defendant has been previously convicted *two or more times of any grade of theft*, subsequent conviction for theft of less than $200.00 constitutes a third-degree felony. *See id.*

For purposes of this opinion, we assume, but do not decide, that section 31.03(e)(4)(C) can be used, procedurally, in the context of a lesser-included offense as it was used procedurally in this case and even further assume, but do not decide, that an aggravated robbery conviction could be construed to be a conviction of "any grade of theft." [2] We are persuaded, however, that a prior

---

**2.** We note, however, the language in *Watson v. State*, 532 S.W.2d 619, 622 (Tex.Crim.App.1976) that "[i]t is clear from the express statement in the statute that robbery was not included in the consolidation of 'theft' offenses."

conviction for burglary does not constitute a conviction of "any grade of theft" as required by section 31.03(e)(4)(C).

The State argues that while burglary of a building, in and of itself, would not be a "theft offense," because the State introduced into evidence the indictment from that conviction which showed that the burglary of the building was done "with intent to commit theft ...," such conviction was properly relied upon for enhancement purposes in this case. The State relies on *Davis v. State*, 157 Tex.Cr.R. 176, 247 S.W.2d 561 (1952).

Chambers, on the other hand, argues that the two prior convictions were not "theft" offenses within the meaning of section 31.03(e)(4)(C). Chambers relies on the fact that, under the new penal code, all theft offenses were consolidated and contained in chapter 31 of the Penal Code. Chambers further relies on *Colquitt v. State*, 650 S.W.2d 128 (Tex.App.—Houston [14th Dist.] 1983, no pet.). In *Colquitt*, the Houston Court of Appeals held that an offense under section 31.03(d)(4)(C) was not charged when the prior convictions were for credit card abuse. Chambers then asks us to distinguish *Foster v. State*, 603 S.W.2d 879 (Tex.Crim.App.1980), and *Rawlings v. State*, 602 S.W.2d 268 (Tex.Crim. App.1980) which have held that a section 31.03(d)(4)(C) offense could be enhanced under the general enhancement provisions of section 12.42(d) provided the prior convictions relied on under section 12.42(d) are "non-theft" convictions. Chambers argues that he was never convicted of a section 31.03(d)(4)(C) offense and, accordingly, the third-degree felony punishment was unauthorized.

The holding in *Davis v. State*, relied on by the State, was that "felony theft and burglary with intent to commit theft are offenses of the same nature, within the meaning of Article 62, P.C." [3] *See Davis v. State*, 247 S.W.2d at 561. Article 62 of the former penal code was a predecessor stat-

ute to the current section 12.42(d), a general enhancement provision under the current penal code, and read as follows:

If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense or one of the same nature, the punishment on such second or subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases.

TEX.PENAL CODE art. 62 (1925) (repealed 1973). Inasmuch as the test in *Davis* was a different and much broader test, we find no support in *Davis* for the proposition that burglary is "a grade of theft."

When the new penal code was enacted, effective January 1, 1974, section 31.03 created a new offense, which, in general terms, encompasses all acquisitive conduct previously made unlawful in several separate offenses. The offense is denominated "theft." *See* TEX.PENAL CODE ANN. § 31.03 practice commentary (Vernon 1974). One of the elements of the offense of "theft" is that the defendant unlawfully appropriates property. *See* TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1987).

The burglary conviction sought to be used here as "a grade of theft" is for an offense that occurred on June 30, 1979, clearly an offense committed after the new penal code became effective on January 1, 1974. Since the elements of burglary do not include a completed theft, but merely "an intent to commit theft," (even under the State's additional proof here), we are persuaded that burglary should not be deemed a "theft" offense for purposes of section 31.03(e)(4)(C).

In *Diamond v. State*, 530 S.W.2d 586 (Tex.Crim.App.1975), it was held that section 31.03(d)(4)(C) created a new offense of a felony grade. The elements of this theft offense are the same as other theft offenses, but the value of the property stolen must be an amount under $200.00, and the defendant has been previously convicted

---

**3.** We note that recently the Court of Criminal Appeals in *Carr v. State*, 733 S.W.2d 149, 157 (1984), held that, for purposes of the speedy trial act, an announcement of ready by the State

in a felony theft case did not carry forward to an indictment alleging a "different offense" of burglary.

*"two or more times of any grade of theft."* As is explicated by the practice commentary to section 31.03, the intent in creating this new offense is to punish a third theft offense, though "petty," as a felony, irrespective of the value of the property, so long as it is under $200.00 [4]. *Gant v. State,* 606 S.W.2d 867, 871 (Tex. Crim.App.1980).

Finally, we are further persuaded by *Foster v. State,* 603 S.W.2d 879 (Tex.Crim. App.1980), wherein the Court of Criminal Appeals affirmed a properly charged section 31.03(d)(4)(C) third-degree felony theft offense which was enhanced under the general enhancement provision of section 12.-42(d) with prior convictions of *burglary* and possession of heroin. In so holding, we believe the Court of Criminal Appeals implicitly held that burglary is a "non-theft" offense, especially in light of its holding in *Rawlings v. State,* 602 S.W.2d 268 (Tex.Crim.App.1980), decided the same day, that a section 31.03(d)(4)(C) offense may be enhanced under section 12.42(a) or (d) *only* if the prior felony convictions used for that purpose are for an offense other than theft.

For all the above reasons, we hold that a burglary conviction does not constitute a conviction of "any grade of theft" so as to trigger the mechanism of section 31.-03(e)(4)(C) to permit third-degree felony punishment. Therefore, the trial court reversibly erred in permitting the jury to assess punishment within the range provided for a third-degree felony. Consequently, we reverse and remand for a new trial.

Because our disposition of this portion of Chamber's point of error number one requires a reversal and remand, we do not address the additional points raised.

**REVERSED AND REMANDED.**

---

**4.** Under the current section 31.03(e)(4)(C) the value of the property stolen must only be less than $750. TEX.PENAL CODE ANN. § 31.-03(e)(4)(C) (Vernon 1987).