**Reginald SHAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–89–00477–CR.**

Court of Appeals of Texas, Dallas.

July 9, 1990.

John H. Hagler, Dallas, for appellant.

Kathleen A. Walsh, San Antonio, for appellee.

Before McCLUNG, BAKER and THOMAS, JJ.

## OPINION

McCLUNG, Justice.

Reginald Shaw appeals his conviction for the offense of theft. The trial court assessed punishment at twenty years confinement. Shaw contends that his theft offense was improperly enhanced with a prior theft-type conviction of forgery. This contention is without merit. We affirm the trial court's judgment.

■ The Texas Code of Criminal Procedure article 1.14(b) reads, in relevant part:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1990). This same issue was addressed in *Luken v. State,* 780 S.W.2d·264 (Tex.Crim.App.1989). The Court held that "failure by the accused to raise any deficiency prior to trial will waive error on appeal under Article 1.14(b)." *Id.* at 267.

Shaw's objection to the enhancement allegation came after the jury had returned the verdict. Therefore, pursuant to article 1.14, Shaw's failure to object to the enhancement paragraph before trial precludes him from now claiming error on appeal.

If we assume, but do not hold, that Shaw objected in a timely manner, his point of error fails under an analysis on the merits. At the conclusion of the guilt/innocence stage of the trial, the jury found Shaw guilty of theft of property having a value of $750.00 or less. Theft of property having a value of $750.00 or less ordinarily constitutes a misdemeanor, but may constitute a felony in certain circumstances. Here, the State alleged four prior theft convictions to charge a third-degree felony pursuant to the Texas Penal Code section 31.03(e)(4)(E). The theft allegation was also enhanced under the provisions of Texas Penal Code section 12.42(a) with a prior felony conviction of forgery.

Shaw argues that a forgery conviction constitutes an offense involving "any grade of theft" and thus cannot be used for enhancement under the holding in *Rawlings v. State*, 602 S.W.2d 268 (Tex.Crim.App. 1980). *See also* TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp.1990). The *Rawlings* court held:

> [T]he punishment for felony theft of property having a value less than $200.00, Sec. 31.03(d)(4)(C), supra, may be enhanced under Sec. 12.42(a) or (d) only if the prior felony convictions used for that purpose are for an offense other than theft. Stated in the converse, prior felony theft convictions may not be used to enhance, pursuant to Sec. 12.42(a) or (d), the punishment for felony theft of property having a value less than $200.00.

*Rawlings*, 602 S.W.2d at 269.

The offense of forgery does not fall into the category of theft offenses for purposes of Texas Penal Code Section 31.03(e)(4)(E). The offense of forgery is found in chapter 32 of the Penal Code (captioned "Fraud") rather than in chapter 31 (captioned "Theft"). Section 31.03 of the new Penal Code created the offense denominated "theft," which in general terms encompasses all acquisitive conduct previously made unlawful in several separate offenses. *See Searcy & Patterson, Practice Commentary*, TEX.PENAL CODE ANN. § 31.03 (Vernon 1974).

This Court held in *Chambers v. State*, 736 S.W.2d 192 (Tex.App.—Dallas 1987, no pet.) that a burglary conviction does not constitute a conviction of "any grade of theft" for purposes of section 31.03(e)(4)(E). We reasoned that since the elements of burglary do not include a completed theft, but merely "an intent to commit theft," burglary should not be deemed a "theft" offense. *Id.* at 195. Using this same rationale, the elements of forgery do not include an intent to commit theft nor a completed theft. The differences between forgery and theft are even more distinct than the differences between burglary and theft. Since the elements of forgery do not include a completed theft, we are persuaded that forgery should not be deemed a "theft" offense for purposes of section 31.03(e)(4)(E). Therefore, the trial court correctly used the prior felony conviction of forgery for enhancement of Shaw's conviction under section 12.42(a).

We affirm the trial court's judgment.