Roberta Renee **MESHELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–473–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 29, 1992.

W. Stacey Mooring, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel, Martha Minnis, Asst. Dist. Attys., Houston, for the State.

Before GILBERTO HINOJOSA, DORSEY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant was charged with theft of property worth less than $750.00 from K–Mart. Appellant pleaded guilty and punishment was assessed at eighteen years in prison. By one point of error appellant complains the trial court erred in assessing punishment for a second degree felony. We affirm.

The State pleaded four enhancement paragraphs, and requested enhancement to a second degree felony. These four paragraphs alleged that appellant had been convicted for misdemeanor theft, felony theft, burglary of a motor vehicle, and credit card abuse.[1] Before trial the State abandoned its enhancement paragraph based on burglary of a motor vehicle.

Appellant filed a motion to quash the enhancement paragraph alleging credit card abuse. She argued that credit card abuse was a theft offense, and therefore could not be used to enhance punishment to a second degree felony under the specific punishment statute for enhancement of theft offenses, TEX.PENAL CODE ANN. § 31.-03(e)(4)(E) (Vernon 1990). The trial court denied the motion, and after trial, punished appellant for a second degree felony.

We must determine which of two statutory provisions controls assessment of punishment in this case. Section 31.03(e)(4)(E), which is a specific punishment statute regulating enhancement of theft offenses, provides: "an offense under this section is: ... (4) a felony of the third degree if: ... (E) the value of the property stolen is less than $750.00 and the defendant has been previously convicted two or more times of any grade of theft." TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon 1990). This section limits enhancement of additional theft convictions to a third degree felony, provid-

ed that the prior convictions were for theft. *Rawlings v. State,* 602 S.W.2d 268, 270 (Tex.Crim.App.1980).

Section 12.42(a) which is the general statute regulating enhancement for repeat offenders, provides: "(a) if it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second degree felony." TEX.PENAL CODE ANN. § 12.42 (Vernon 1990). The State alleged that the instant conviction was for a third degree felony because "the value of the property stolen is less than $750.00 and the defendant has been previously convicted two or more times of any grade of theft." *Id;* § 31.-03(e)(4)(E). Accordingly, the State's position is that appellant should be punished as a second degree felon under § 12.42(a) because the conviction for credit card abuse was a prior non-theft felony.

In *Foster v. State,* 603 S.W.2d 879, 880 (Tex.Crim.App.1980), the Court of Criminal Appeals held that a conviction for the non-theft offenses of burglary and possession of heroin could be used to enhance punishment to a second degree felony under § 12.42(a) for a third degree felony theft under § 31.03(d)(4)(C) (1982) (now codified at § 31.03(e)(4)(E)). In *Colquitt v. State,* 650 S.W.2d 128 (Tex.App.—Houston [14th Dist.] 1983, no pet.), the court held that a conviction for credit card abuse was not a theft, thus it could not be used to enhance a misdemeanor theft into a third degree felony under § 31.03(d)(4)(C) (1982).

We agree with *Colquitt,* and must follow *Foster.* Credit card abuse is not a theft offense. Thus, it may be used to enhance a third degree felony theft offense to a second degree felony. *Foster,* 603 S.W.2d at 880. Accordingly, we hold that the punishment assessed in the instant case was not excessive. Appellant's sole point of error is overruled. The trial court's judgment is AFFIRMED.

---

1. Credit card abuse is listed in the fraud section of the Penal Code. TEX.PENAL CODE ANN. § 32.31.