TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00406-CR







Norman Lee Watson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR94-129, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING








 Norman Lee Watson was convicted of engaging in organized criminal activity. Act
of May 26, 1993, 73d Leg., R.S., ch. 761, § 3, 1993 Tex. Gen. Laws 2966, 2967-68 (Tex. Penal
Code Ann. § 71.02, since amended). Appellant waived trial by jury and entered a plea of not
guilty. The trial court found appellant guilty of the third-degree felony alleged and assessed his
punishment, enhanced by two prior felony convictions, at 60 years' imprisonment.

 Appellant advances two points of error. First, he challenges the legal sufficiency
of the evidence to sustain the conviction because the State failed to prove the value of the property
stolen as alleged in describing the underlying or predicate offense (theft) to the offense charged. 
Second, appellant urges that the special theft enhancement allegation in the indictment, which was
separate and apart from the habitual criminal allegations of two prior felony convictions, was
"mere surplusage" and could not have been properly used to increase the punishment category of
the primary offense charged.

 Section 71.02 of the Penal Code in effect at the time of the alleged offense provided
in pertinent part:



(a) A person commits an offense, if, with the intent to establish, maintain, or
participate in a combination or in the profits of a combination, he commits or
conspires to commit one or more of the following:


 (1) murder, capital murder, arson, aggravated robbery, robbery,
burglary, theft, aggravated kidnapping, kidnapping, aggravated assault,
aggravated sexual assault, sexual assault, forgery, deadly conduct, assault
punishable as a Class A misdemeanor, burglary of a motor vehicle, or
unauthorized use of a motor vehicle; . . . .



(b)  Except as provided in Subsection (c) of this section, an offense under this
section is one category higher than the most serious offense listed in Subdivisions
(1) through (10) of Subsection (a) of this section that was committed, and if the
most serious offense is a Class A misdemeanor, the offense is a felony of the third
degree, except that if the most serious offense is a felony of the first degree, the
offense is a felony of the first degree.



(emphasis added). Under section 71.02(b) set out above, the allegation of a Class A misdemeanor
predicate offense would make the offense of the engaging in organized criminal activity a third-degree felony.

 In addition to the primary offense, the indictment also alleged:



And it is further presented in and to said Court, that before the commission of the
aforesaid above, the defendant had theretofore been convicted twice of a grade of
theft in that on the 1ST day of DECEMBER, A.D., 1981, in the DISTRICT
COURT of BEXAR County, Texas in cause number 81CR1626 on the docket of
said court, entitled THE STATE OF TEXAS VS. ANDRE JOHNSON, said
conviction being for the offense of THEFT OVER 200 UNDER 10,000.00; and
on the 7TH day of SEPTEMBER, A.D., 1977, in the DISTRICT COURT of
BEXAR County, Texas, in cause number 77CR11768 on the docket of said court,
entitled THE STATE OF TEXAS VS. ANDRE JOHNSON said conviction being
for the offense of THEFT OVER $200 UNDER $10,000.00;



 This enhancement of punishment allegation was patterned after former Penal Code
section 31.01(e)(4)(E) in effect at the time of the commission of the alleged offense. Act of May
10, 1993, 73d Leg., R.S., ch. 203, §§ 4, 5, 1993 Tex. Gen. Laws 390, 391. Section
31.01(e)(4)(E) provided: "(e) Except as provided by Subsection (f) of this section an offense
under this section is: (4) a felony of the third degree if: (E) the value of the property stolen is less
than $750 and the defendant has been previously convicted two or more times of any grade of
theft." It appears that this provision is specifically limited to section 31.03 (theft) and not
applicable to other offenses.

 The instant indictment also alleged two prior felony convictions, one for felony
theft (1) and one for forgery, under the provisions of section 12.42(d) of the Penal Code in effect at
the time of the commission of the primary offense. Act of May 23, 1983, 68th Leg., R.S., ch.
339, § 1, 1983 Tex. Gen. Laws 1750 (Tex. Penal Code § 12.42(d), since amended). 

 With this background, we turn to the initial contention that challenges the legal
sufficiency of the evidence. Briefly, the record reflects that on February 24, 1994, San Antonio
Police Officer Frank Randolph was told by an informant that a group including appellant was
actively involved in a purse snatching scheme. Later that morning, Randolph and other officers
observed the group going into stores in Live Oak and Universal City. Still later, Perry Smith,
another San Antonio police officer, who was watching the group, saw their vehicle enter the
parking lot of a Handy-Andy store in New Braunfels. Claudette Lampkin, one of the group,
entered the store without a purse. Appellant followed. The two talked and split up. Subsequently
Lampkin was seen leaving the store, now clutching a purse. Thereafter, appellant left the store
and the car in which the group had been travelling moved to the front of the store to pick him up. 
The officers blocked the vehicle. Inside the car the police found a purse containing the
identification of Joan Boyd. She testified that while shopping in the store she was approached by
appellant and asked to read an orange juice coupon to him. At the time her purse was in her
shopping cart. Later, she heard her name called out on the store's loudspeaker system. At the
front of the store she identified her purse, not having noticed it missing. This was the purse found
in the group's car.

 Appellant contends that the evidence is insufficient to establish the value of the
purse, the only item allegedly stolen, at $200 or more. On direct examination of Mrs. Boyd, the
prosecutor did not establish value of any kind. On cross-examination, defense counsel informed
the trial court that the police report indicated that value of the purse and its contents was about
$215. Counsel then elicited from Mrs. Boyd that the purse was valued at $25, and that the purse
contained at the time about $50 in cash, eyeglasses worth $100, sunglasses and a checkbook. No
value was placed on these latter two items. The State concedes that since the purse was the only
item allegedly stolen the evidence is legally insufficient to establish the value alleged at $200 or
more but less than $750. Appellant urges that he is entitled to an acquittal. We disagree.

 In Bigley v. State, 865 S.W.2d 26, 28 (Tex. Crim. App. 1993), the Court of
Criminal Appeals held that Rule 80 of the Texas Rules of Appellate Procedure (2) gives a court of
appeals the authority to reform a judgment to reflect a conviction on a lesser-included offense
upon a determination that the evidence was insufficient to support a conviction for the greater
offense but would support a conviction for the lesser-included offense. A jury convicted the
defendant of possession of 400 grams or more of methamphetamine. The State proved that the
defendant possessed 388.76 grams of pure methamphetamine which supported the lesser-included
offense of possession of 28 grams or more but less than 400 grams of methamphetamine, which
issue was submitted to the jury, but it did not support the offense for which the jury convicted the
defendant. On appeal, the judgment was reformed under the authority of Rule 80 to reflect a
conviction for the lesser-included offense finding support in the evidence. Bigley v. State, 831
S.W.2d 409 (Tex. App.--Austin 1992) (op. on reh'g). The Court of Criminal Appeals affirmed
such action. Judge Baird concurred that the reformation was not jeopardy barred because the
issue of the lesser-included offense had been submitted to the jury. Bigley, 865 S.W.2d at 29
(Baird, J., concurring). See also Doherty v. State, 892 S.W.2d 13, 17 (Tex. App.--Houston [1st
Dist.] 1994, pet. ref'd); Griffin v. State, 866 S.W.2d 754, 756-57 (Tex. App.--Tyler 1993, no
pet.); Thorpe v. State, 831 S.W.2d 548, 552 (Tex. App.--Austin 1992, no pet.).

 The instant case was a bench trial. There was no jury charge. However, a trial
court is authorized to find a defendant guilty for any lesser-included offense for which the
evidence provides the required proof. Shute v. State, 877 S.W.2d 314, 315 (Tex. Crim. App.
1994); Cunningham v. State, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987); Mello v. State, 806
S.W.2d 875, 877 (Tex. App.--Eastland 1991, pet. ref'd). In finding a defendant guilty of the
greater offense the trial court necessarily finds the evidence sufficient to convict the defendant of
the lesser-included offense. Shute, 877 S.W.2d at 315. The double jeopardy provisions of the
federal and state constitutions do not prohibit a retrial for a lesser-included offense when the first
trial was before the trial court and there was sufficient evidence on which the trial court could
have found a defendant guilty of the lesser-included offense. Id.

 The instant judgment reflects a conviction for the primary offense of engaging in
organized criminal activity, a third-degree felony based on the underlying class A misdemeanor
theft offense. The evidence, as conceded by the State, is insufficient to support this conviction.
However, because the evidence established that the purse stolen had a value of $25, there was
evidence to support the lesser-included offense of engaging in organized criminal activity based
on the lesser underlying class B misdemeanor theft offense (3) (enhanced to a class A misdemeanor
by Section 71.02(b)).

 By virtue of Rule 80, we reform the judgment to reflect a conviction for engaging
in organized criminal activity, a Class A misdemeanor, based on the predicate offense of a Class
B misdemeanor theft. See Bigley, 865 S.W.2d at 28. The judgment of conviction, as reformed,
is affirmed as to the adjudication of guilt but the cause is remanded to the trial court for a new
hearing on punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1996). The first
point of error is overruled.

 In regard to the new hearing on punishment, we observe that punishment for a class
A misdemeanor cannot be enhanced by section 12.42(d) of the Penal Code, which is applicable
only to felonies by its express terms. Cf. Ortiz v. State, 626 S.W.2d 586, 588-89 (Tex. Crim.
App. 1981); Clifton v. State, 246 S.W.2d 201, 203 (Tex. Crim. App. 1952) (op. on reh'g)
(holding that a prior misdemeanor may not be utilized to enhanced a punishment for a subsequent
felony conviction because the statutes do not so provide).

 In the second point of error, appellant contends that the "paragraph of the
indictment alleging the theft enhancement provision of the Penal Code [Section 31.03(e)(4)(E)]"
was mere surplusage and could not be used to enhance punishment. These allegations have been
set out earlier in the opinion. Appellant's complaint about an irregularity in the indictment is
raised for the first time on appeal. His failure to object to the form or substance of the indictment
prior to trial constitutes a waiver of the error, if any. See Tex. Const. art. V, § 12(b); Tex. Code
Crim. Proc. Ann. § 1.14(b); Fisher v. State, 887 S.W.2d 49, 54 (Tex. Crim. App. 1994); Studer
v. State, 799 S.W.2d 263, 268, 273 (Tex. Crim. App. 1990). Moreover, if the allegations were
indeed surplusage and were not used, the inclusion in the indictment would be a harmless
irregularity, if any, under the circumstances of the instant case.

 It appears that the State attempted to use two methods to convert the instant offense
of engaging in organized criminal activity into a third-degree felony so that the habitual criminal
allegations (4) in the indictment could be utilized. First, the State relied upon the provisions of
section 71.02(b) (engaging in organized criminal activity) to convert the alleged underlying class
A misdemeanor theft into a third-degree felony. Second, the State attempted to use the section
31.03(e)(4)(E) provision of the general theft statute to convert the instant offense into a third-degree felony. As to the first method, the proof failed. As to the second method, it is clear that
section 31.03(e)(4)(E) is applicable only to a theft conviction "under this section" meaning the
general theft statute [section 31.03].

 Section 31.03(e)(4)(E) and its forerunners created a new theft offense of a felony
grade where there were two or more theft convictions of any grade and the instant offense is a
misdemeanor theft offense where the value of the property stolen is less than $750 (formerly less
than $200). Diamond v. State, 530 S.W.2d 586, 587 (Tex. Crim. App. 1975); Chambers v.
State, 736 S.W.2d 192, 195 (Tex. App.--Dallas 1987, no pet.) (citing Gant v. State, 606 S.W.2d
867, 871 (Tex. Crim. App. 1980)); cf. Meshell v. State, 841 S.W.2d 895, 896 (Tex. App.--Corpus
Christi 1992, no pet.). It has been held that an offense of credit card abuse is not a theft offense
and that it cannot be used to invoke section 31.03(e)(4)(E) even if there are two or more theft
convictions. Colquitt v. State, 650 S.W.2d 128, 128 (Tex. App.--Houston [14th Dist.] 1983, no
pet.); see also Meshell, 841 S.W.2d at 896. Likewise, burglary is not a theft offense for the
purpose of section 31.03(e)(4)(E). Chambers, 736 S.W.2d at 195. We also conclude that
engaging in organized criminal activity as prohibited in section 71.02 is not a theft offense for the
purpose of section 31.03(e)(4)(E), even if the underlying offense is a theft offense.

 The instant indictment charged appellant with the offense of engaging in organized
criminal activity, a third-degree felony as alleged. At the guilt stage of the bifurcated bench trial,
the trial court found appellant guilty "as charged." The judgment reflects that the conviction was
for "engaging in organized criminal activity." It appears that the trial court found appellant guilty
of the primary offense alleged as a third-degree felony and enhanced punishment by virtue of the
two prior felony convictions alleged to establish a habitual criminal status. The complained-of
allegations were not used. The second point of error is overruled.

 The judgment is reformed to show a Class A misdemeanor conviction for engaging
in organized criminal activity. As reformed, the judgment is affirmed as to the conviction. The
judgment is reversed as to punishment and the cause is remanded to the trial court for a new
hearing on punishment consistent with this opinion. Tex. Code Crim. Proc. Ann. art. 44.29(b)
(West Supp. 1996).


 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Reformed and Affirmed in Part; Reversed and Remanded in Part

Filed: May 29, 1996

Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This felony theft conviction was a different theft conviction than either of two theft
convictions alleged in the indictment for enhancement under section 31.03(e)(4)(E).
2.   In relevant part Rule 80 reads:


(b)  Types of Judgment. The Court of Criminal Appeals may: . . . . (2) modify
the judgment of the court below by correcting or reforming it.


. . . .


(c)  Other orders. In addition, the Court of Criminal Appeals may make any
other appropriate order, as the law and nature of the case may require.
3.   Act of May 10, 1993, 73d Leg., R.S., ch. 203, §§ 4, 5 1993 Tex. Gen. Laws 390, 391
(Tex. Penal Code Ann. § 31.03(e)(2)(A), since amended). Section 31.03(e)(2)(A) in effect at
the time of the commission of the offense provided:


(e)  Except as provided by Subsection (f) of this section, an offense under this
section is:


 (2)  a Class B misdemeanor if:


 (A)  the value of the property stolen is $20 or more but less than
$200; . . .
4.   Tex. Penal Code Ann. § 12.42(d) (West 1994). For the sake of convenience, the current
code is cited.



 v.
State, 736 S.W.2d 192, 195 (Tex. App.--Dallas 1987, no pet.) (citing Gant v. State, 606 S.W.2d
867, 871 (Tex. Crim. App. 1980)); cf. Meshell v. State, 841 S.W.2d 895, 896 (Tex. App.--Corpus
Christi 1992, no pet.). It has been held that an offense of credit card abuse is not a theft offense
and that it cannot be used to invoke section 31.03(e)(4)(E) even if there are two or more theft
convictions. Colquitt v. State, 650 S.W.2d 128, 128 (Tex. App.--Houston [14th Dist.] 1983, no
pet.); see also Meshell, 841 S.W.2d at 896. Likewise, burglary is not a theft offense for the
purpose of section 31.03(e)(4)(E). Chambers, 736 S.W.2d at 195. We also conclude that
engaging in organized criminal activity as prohibited in section 71.02 is not a theft offense for the
purpose of section 31.03(e)(4)(E), even if the underlying offense is a theft offense.

 The instant indictment charged appellant with the offense of engaging in organized
criminal activity, a third-degree felony as alleged. At the guilt stage of the bifurcated bench trial,
the trial court found appellant guilty "as charged." The judgment reflects that the conviction was
for "engaging in organized criminal activity." It appears that the trial court found appellant guilty
of the primary offense alleged as a third-degree felony and enhanced punishment by virtue of the
two prior felony convictions alleged to establish a habitual criminal status. The complained-of
allegations were not used. The second point of error is overruled.

 The judgment is reformed to show a Class A misdemeanor conviction for engaging
in organized criminal activity. As reformed, the judgment is affirmed as to the conviction. The
judgment is reversed as to punishment and the cause is remanded to the trial court for a new
hearing on punishment consistent with this opinion. Tex. Code Crim. Proc. Ann. art. 44.29(b)
(West Supp. 1996).


 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Reformed and Affirmed in Part; Reversed and Remanded in Part

Filed: May 29, 1996

Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This felony theft conviction was a different theft conviction than either of two theft
convictions alleged in the indictment for enhancement under section 31.03(e)(4)(E).
2.   In relevant part Rule 80 reads:


(b)  Types of Judgment. The Court of Criminal Appeals may: . . . . (2) modify
the judgment of the court below by correcting or reforming it.


. . . .


(c)  Other orders. In addition