IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00207-CR

 

Heath Matthew Herring,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 278th District Court

Leon County, Texas

Trial Court # CM-03-116A

 



MEMORANDUM Opinion



 

          In
a bench trial, the court convicted Heath Matthew Herring of aggravated
robbery.  Herring pleaded true to an
enhancement allegation, and the court sentenced him to sixteen years’
imprisonment.  Herring contends in two
issues that (1) he received ineffective assistance of counsel at trial and (2)
the evidence is legally insufficient to prove that he used a knife during the
course of the robbery.  Because we find
that the evidence is legally insufficient to prove that Herring used a knife
during the course of the robbery, we will modify the judgment to reflect a
conviction for the lesser-included offense of robbery and remand this cause to
the trial court for a new punishment hearing.

          In
Herring’s first issue, he cites numerous[1]
acts and omissions of counsel which he contends demonstrate that he received
ineffective assistance of counsel.  However, the record
before us is not adequately developed to reflect the reasons for counsel’s acts
and omissions.  Counsel has not had an
opportunity to explain his acts and omissions. 
Thus, we cannot say that Herring has established that his trial
counsel’s performance fell below an objective standard of reasonableness.  See
Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).  Accordingly, we overrule his first issue.

          Herring contends in his second issue that the evidence is
legally insufficient to prove that
he used or exhibited a knife during the course of the robbery.

          We
measure the sufficiency of the evidence in a bench trial against a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Campbell v.
State, 139 S.W.3d 676, 683 (Tex. App.—Amarillo 2003, pet. ref’d).  Among other requisites, “[a] hypothetically
correct charge has its basis in the indictment allegations.”  Gollihar
v. State, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).  Therefore, if the indictment alleges as an
element of the offense that the accused “us[ed] and threaten[ed] to use deadly
force namely, a firearm,” a hypothetically correct jury charge will require the
jury to so find.  See Curry v. State, 30 S.W.3d 394, 405 (Tex. Crim. App. 2000) (cited with approval by Gollihar, 46 S.W.3d at 254-56).

          Our
beginning point, then, is the indictment. 
Here, the indictment alleges that Herring committed the offense of
robbery and that during the course of the robbery he “use[d] and exhibit[ed] a
deadly weapon, namely a knife.”  However,
when the State read the indictment at the commencement of trial, the prosecutor
read this allegation to be that during the course of the robbery Herring
“us[ed] deadly weapons, namely, a knife and a large stick.”

          Any
amendments to an indictment must be in writing. 
See Riney v. State, 28 S.W.3d 561,
564-66 (Tex. Crim. App. 2000); Aguilera v. State, 75 S.W.3d 60, 63-64 (Tex. App.—San Antonio 2002, pet. ref’d).  Therefore, the prosecutor’s misreading of the
indictment did not effectively amend the indictment.  Accordingly, a hypothetically correct jury
charge in Herring’s case would require a jury to find that Herring used or
exhibited a knife during the course of the robbery.

          The
State relies on the following testimony to establish that Herring used or
exhibited a knife:

DIRECT EXAMINATION:

 

Q:               
Okay.  Did he have a weapon with him?

 

A:               
He said he
had a knife and I never seen the knife but I was pretty sure he had one.

 

Q:      So
you believed he had a knife?

 

A:      Yes,
sir.

 

Q:      What
was he going to do with that knife?

 

A:      He
said he was going to kill me if I didn’t give him my money.

 

Q:      Did
you believe he was going to kill you?

 

A:      Yes,
sir.

 

CROSS-EXAMINATION:

 

Q:      But
you never saw a knife?

 

A:      No,
sir.

 

Q:      And
you were not cut or stabbed with any kind of a sharp instrument, were you?

 

A:      No,
sir.

 

          The
complainant never saw a knife in Herring’s possession.  He did not testify that Herring held a sharp
instrument to his neck or back.  Cf. Regan v. State, 7 S.W.3d 813, 819-20
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  Because the complainant did not see or feel a
knife, the evidence is legally insufficient to prove that Herring used or
exhibited a knife during the commission of the robbery.  Cf.
McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (“Had the knife been
completely concealed by appellant’s clothing, additional facts would have been
needed to establish that the butcher knife was used.”); McGowan v. State, 664 S.W.2d 355, 357-58 (Tex. Crim. App. 1984)
(evidence legally insufficient to prove robbery by threat where complainant “never
saw appellant holding a knife nor did she testify that appellant threatened her
with a knife”).

Because this was a bench trial, we reverse the
judgment of conviction for aggravated robbery and render a judgment of
conviction for the lesser-included offense of robbery.  See
Brown v. State, 35 S.W.3d 183, 190 (Tex. App.—Waco 2000), rev’d on other grounds, 89 S.W.3d 630 (Tex.
Crim. App. 2002); Watson v. State,
923 S.W.2d 829, 832-33 (Tex. App.—Austin 1996, pet. ref’d); accord Collier v. State, 999 S.W.2d 779, 784 (Tex. Crim. App. 1999)
(Keasler, J., concurring).  We reverse
that portion of the judgment assessing punishment and remand this cause to the
trial court for a new punishment hearing. 
See Hart v. State, 89 S.W.3d 61,
66 (Tex. Crim. App. 2002); Brown, 35 S.W.3d at 190; see
also Tex. Code Crim. Proc. Ann.
art. 44.29(b) (Vernon Supp. 2004–2005).

 

FELIPE REYNA

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting with the
following note: “I would affirm the judgment of conviction.  A separate dissenting opinion will not be
issued.”)

Reversed and rendered in part,

reversed and remanded in part

Opinion delivered and filed February
 23, 2005

Publish

[CR25]








 











    [1]           Specifically,
Herring complains that counsel filed no pretrial motions, obtained no
subpoenas, failed to object to the State’s “re-indictment,” failed to object to
the State’s reading of a deadly weapon allegation (use of a “large stick”) not
actually included in the indictment, elicited testimony that Herring threatened
the complainant with a knife, failed to cross-examine a witness, failed to move
for an instructed verdict, failed to have Herring testify in his own defense,
failed to present argument during the guilt-innocence phase, failed to present
punishment evidence, and made only a brief argument during the punishment
phase.








0 (Tex. Crim. App. 1991);
Wade v. State, 951 S.W.2d 886, 892 (Tex. App.—Waco 1997, pet. ref'd); see also Davis
v. State, 22 S.W.3d 638, 641 (Tex. App.—Waco 2000, pet. ref'd). A knife can be a
deadly weapon, however, if in the manner of its use or intended use it was capable of
causing death or serious bodily injury. See Tex. Pen. Code Ann. § 1.07(a)(17)(B);
Davis, 22 S.W.3d at 641; Garcia v. State, 17 S.W.3d 1, 4 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref'd).




      The Court made the evidentiary requirements clear in Thomas:
. . . we do not mean to suggest, and have not meant to suggest in past opinions, that a
particular object alleged as a deadly weapon in the State's charging instrument need not be
proven at trial to meet the statutory definition of a deadly weapon . . . . [T]he evidence is
now fully adequate if it shows the weapon to be deadly by design, rather than by usage.

Thomas, 821 S.W.2d at 620. Finding no evidence that the knife in this case was manifestly
designed, made, or adapted for the purpose of inflicting death or serious bodily injury, we
sustain Robertson’s first issue in the methamphetamine appeal and will delete the trial court’s
affirmative finding of use of a deadly weapon. Tex. Code Crim. Proc. Ann. art. 42.12, §
3g(a)(2) (Vernon Supp. 2004).
CONCLUSION
      Having found that Robertson did not preserve his complaint about the court’s failure to
suppress the evidence, we affirm the judgment of conviction of possession of cocaine in cause
number 10-02-00284-CR.
      Having also overruled Robertson’s legal-sufficiency issue concerning intent to deliver the
methamphetamine in his possession but having found that the State did not prove a deadly
weapon, we reform the judgment in cause number 10-02-00283-CR to delete the deadly
weapon finding and, as reformed, affirm it.



                                                                  BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurring and dissenting)
Judgment in cause number 10-02-00283-CR reformed and affirmed
Judgment in cause number 10-02-00284-CR affirmed
Opinion delivered and filed May 12, 2004
Publish

[CR25]