COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-340-CV

 

 

IN THE MATTER OF                                                                             

 

 

                                                    

R.H.                                                                                                  

 

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant R.H. appeals the
trial court=s order
adjudicating him delinquent of assault causing bodily injury and assessing his
punishment at one year probation and a $946 fine.  In his sole issue, appellant contends that
the trial court lacked jurisdiction to adjudicate him delinquent on the basis
of reckless conduct because he was charged only with intentionally or knowingly
causing bodily injury.  We affirm.

II.  Background Facts

The State alleged that R.H. Aintentionally or knowingly cause[d] bodily injury to [V.S.] by hitting
him with a bicycle.@  After a hearing on the issue, the trial court
found that appellant Aviolated
Section 22.01 as to the lesser-included offense of the mental state of
recklessly@ and
assessed his punishment at one year probation and a $946 fine. 

III.  Analysis

Appellant contends that the
trial court lacked jurisdiction because the trial judge found that he committed
the offense Arecklessly,@ a culpable mental state not included in the indictment, which alleged
only that he acted Aintentionally
or knowingly.@  The State asserts that committing assault
recklessly is a lesser included offense of committing assault intentionally or
knowingly because reckless is a less culpable mental state than intentional or
knowing.  Appellant contends that
committing assault recklessly cannot be a lesser included offense because it is
the same offense as committing assault intentionally or knowingly. 








Section 22.01(a) of the penal
code states that a person commits assault if the person Aintentionally, knowingly, or recklessly causes bodily injury to
another, including the person=s spouse.@  Tex.
Penal Code Ann. ' 22.01(a)(1)
(Vernon Supp. 2005).  Committing assault
recklessly under section 22.01(a)(1) is a lesser included offense of
committing assault intentionally or knowingly under section 22.01(a)(1) because
reckless is a less culpable mental state than intentional or knowingly.[2]  Wood v. State, No. 01-97-00516-CR,
1998 WL 723782, at *1 (Tex. App.CHouston [1st Dist.] Oct. 1, 1998, pet. ref=d) (not designated for publication). 









Additionally, in a bench
trial, the trial judge is authorized to find the defendant guilty for any
lesser included offense for which the evidence provides the required proof.[3]  Shute v. State, 877 S.W.2d 314, 314
(Tex. Crim. App. 1994); Watson v. State, 923 S.W.2d 829, 832 (Tex. App.CAustin 1996, pet. ref=d).  An offense can be a lesser
included offense of the charged offense even if it carries the same range of
punishment as the charged offense. 
Mendoza v. State, 959 S.W.2d 321, 327 n.3 (Tex. App.CWaco 1997, pet. ref=d).  Thus, the lesser included
offense of class A misdemeanor assault by acting recklessly, of which appellant
was convicted, was included within the indictment charging the greater offense
of assault by acting intentionally or knowingly.[4]  Wood, 1998 WL 723782, at *1; see
Mendoza, 959 S.W.2d at 327. 
Therefore, we hold that the trial court did have jurisdiction to
adjudicate appellant delinquent of assault by recklessly causing bodily
injury.  Thus, we overrule appellant=s sole point.

IV.  Conclusion

 

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER
CURIAM

 

PANEL
F:    LIVINGSTON, WALKER, and MCCOY, JJ.

 

DELIVERED:
June 15, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]AAn
offense is a lesser included offense if . . . it differs from the offense
charged only in the respect that a less culpable mental state suffices to
establish its commission.@  Tex.
Code Crim. Proc. Ann. art. 37.09(3) (Vernon 1981).





[3]Appellant
does not assert that the evidence is insufficient to show that he committed
assault by recklessly causing bodily injury; therefore, we need not address
whether the evidence was sufficient.





[4]Section
22.01(b) provides, AAn
offense under Subsection (a)(1) is a Class A misdemeanor.@  Tex.
Penal Code Ann. '
22.01(b).  Because both offenses are
listed in subsection (a)(1), the range of punishment for intentionally,
knowingly, or recklessly causing serious bodily injury is the same.  Id. '
22.01(a)(1).