IN THE MATTER OF R.H.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-340-CV

IN THE MATTER OF 

R.H. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant R.H. appeals the trial court’s order adjudicating him delinquent of assault causing bodily injury and assessing his punishment at one year probation and a $946 fine.  In his sole issue, appellant contends that the trial court lacked jurisdiction to adjudicate him delinquent on the basis of reckless conduct because he was charged only with intentionally or knowingly causing bodily injury.  We affirm.

II.  Background Facts

The State alleged that R.H. “intentionally or knowingly cause[d] bodily injury to [V.S.] by hitting him with a bicycle.”  After a hearing on the issue, the trial court found that appellant “violated Section 22.01 as to the lesser-included offense of the mental state of recklessly” and assessed his punishment at one year probation and a $946 fine. 

III.  Analysis

Appellant contends that the trial court lacked jurisdiction because the trial judge found that he committed the offense “recklessly,” a culpable mental state not included in the indictment, which alleged only that he acted “intentionally or knowingly.”  
The State asserts that committing assault recklessly is a lesser included offense of committing assault intentionally or knowingly because reckless is a less culpable mental state than intentional or knowing.  Appellant contends that committing assault recklessly cannot be a lesser included offense because it is the 
same 
offense as committing assault intentionally or knowingly. 

Section 22.01(a) of the penal code states that a person commits assault if the person “intentionally, knowingly, or recklessly causes bodily injury to another, including the person’s spouse.”  
Tex. Penal Code Ann.
 § 22.01(a)(1) (Vernon Supp. 2005).  Committing assault recklessly under section 22.01(a)(1)
 
is a lesser included offense of committing assault intentionally or knowingly under section 22.01(a)(1) because reckless is a less culpable mental state than intentional or knowingly.
(footnote: 2)  
Wood v. State
, No. 01-97-00516-CR, 1998 WL 723782, at *1 (Tex. App.—Houston [1st Dist.] Oct. 1, 1998, pet. ref’d) (not designated for publication).  

Additionally, in a bench trial, the trial judge is authorized to find the defendant guilty for any lesser included offense for which the evidence provides the required proof.
(footnote: 3)  
Shute v. State
, 877 S.W.2d 314, 314 (Tex. Crim. App. 1994); 
Watson v. State
, 923 S.W.2d 829, 832 (Tex. App.—Austin 1996, pet. ref’d).  An offense can be a lesser included offense of the charged offense even if it carries the same range of punishment as the charged offense.
  Mendoza v. State
, 959 S.W.2d 321, 327 n.3 (Tex. App.—Waco 1997, pet. ref’d).  Thus, the lesser included offense of class A misdemeanor assault by acting recklessly, of which appellant was convicted, was included within the indictment charging the greater offense of assault by acting intentionally or knowingly.
(footnote: 4)  
Wood
, 1998 WL 723782, at *1; 
see Mendoza
, 959 S.W.2d at 327.  Therefore, we hold that the trial court did have jurisdiction to adjudicate appellant delinquent of assault by recklessly causing bodily injury.  Thus, we overrule appellant’s sole point.

IV.  Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: June 15, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
“An offense is a lesser included offense if . . . it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(3) (Vernon 1981).

3:
Appellant does not assert that the evidence is insufficient to show that he committed assault by recklessly causing bodily injury; therefore, we need not address whether the evidence was sufficient.

4:
Section 22.01(b) provides, “An offense under Subsection (a)(1) is a Class A misdemeanor.”  
Tex. Penal Code Ann.
 § 22.01(b).  Because both offenses are listed in subsection (a)(1), the range of punishment for intentionally, knowingly, or recklessly causing serious bodily injury is the same.  
Id.
 § 22.01(a)(1).