

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00089-CR

ANTONIO JENKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 26924

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

A jury convicted Antonio Jenkins of possession of marihuana in a drug-free zone in an amount of five pounds or less but more than four ounces, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(b)(3), 481.134(b) (West 2017). After the jury found true the State's allegation that Jenkins was a habitual offender, Jenkins was sentenced to fifty years' imprisonment.

In his sole issue on appeal, Jenkins argues that the State's habitual offender allegations, which alleged that he was finally convicted of two prior felony convictions, failed to provide proper notice of the enhancement because (1) the notice did not specify that the "first felony conviction was a final conviction before the commission of the second felony"[1] and (2) the notice mistakenly referenced Section 12.42(b) of the Texas Penal Code instead of correctly referencing Section 12.42(d).[2] *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2016). Based on the alleged deficiencies in the notice of enhancement, Jenkins argues that he "should have received a third degree felony punishment."

The State argues that Jenkins failed to preserve this issue for our review. We agree. This case is governed by Article 1.14(b) of the Texas Code of Criminal Procedure, which reads:

---

[1]The notice set forth the date of final adjudication for each prior felony offense.

[2]Section 12.42(b) provides for punishment in the first-degree felony range, which includes imprisonment "for life or for any term of not more than 99 years or less than 5 years." TEX. PENAL CODE ANN. § 12.32(a) (West Supp. 2016); *see* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2016). While the State's notice of enhancement mistakenly cited to Section 12.42(b), it correctly stated, in harmony with Section 12.42(d), that the punishment range was imprisonment "for life, or for any term of not more than 99 years or less than 25 years." *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016).

> If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).[3]   Because complaints related to proper notice of enhancement allegations are construed as objections to the indictment, we find that Jenkins was required to preserve his complaint on appeal under Article 1.14(b) by raising the issue with the trial court. *See Steadman v. State*, 160 S.W.3d 582, 584–85 (Tex. App.—Waco 2005, pet. ref'd); *Shaw v. State*, 794 S.W.2d 544, 544 (Tex. App.—Dallas 1990, no pet.); *Chambless v. State*, 776 S.W.2d 718, 719 (Tex. App.—Corpus Christi 1989, no pet.); *see also* TEX. R. APP. P. 33.1.   Since Jenkins failed to preserve his complaint with the trial court, we overrule his sole point of error on appeal.

---

[3]While Jenkins acknowledges that he did not raise this issue with the trial court, he cites *Luken v. State*, 780 S.W.2d 264, 267 (Tex. Crim. App. 1989), *modified on other grounds by Ex parte Minott*, 972 S.W.2d 760 (Tex. Crim. App. 1998)), for the proposition that an objection is not required.  Unlike *Luken*, Jenkins was made aware that the State would attempt to enhance his punishment by two prior convictions and was notified that the punishment range would be from twenty-five to ninety-nine years' imprisonment or life.  Moreover, *Luken* predates *Marin*, in which the Texas Court of Criminal Appeals "recognized that our system contains rules of three distinct kinds: '(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request.'" *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015) (quoting *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)).  We have found no authority indicating that alleged defects in notice of enhancement allegations, in a situation where the defendant was clearly on notice that enhancement was being pursued, cannot be forfeited.

We affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     September 27, 2017
Date Decided:       September 28, 2017

Do Not Publish