**Ex parte James Anthony JONES.**

No. 69322.

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1984.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction writ of habeas corpus proceedings brought under the provisions of Article 11.07, V.A.C.C.P.

Applicant alleges, inter alia, that his conviction for a third-degree felony theft in Cause No. F–83–83780–HKT in the 283rd District Court of Dallas County is void in that the indictment did not allege a felony and that the district court did not have jurisdiction.

In accordance with Article 11.07, supra, the habeas corpus application was first presented to the trial court. Without an evidentiary hearing the convicting district court entered its findings of facts and conclusions of law. While rejecting applicant's contentions concerning two other prior convictions, the court did find that the misdemeanor theft charged in Cause No. F–83–83780–HKT was not properly enhanced to the level of a third-degree felony as only one prior conviction was alleged, not two as required by V.T.C.A., Penal Code, § 31.-03(d)(4)(C), and that the 10 years' imprisonment in the Department of Corrections that was assessed was contrary to law. The trial court concluded that it did not have jurisdiction to accept the guilty plea entered in said cause, and that the conviction was invalid.

The record was then transmitted to this Court. After examination we ordered the proceedings filed and submitted to consider whether applicant is entitled to relief from the conviction in Cause No. F–83–83780–HKT. His other contentions concerning his other convictions were denied.

The indictment in Cause No. F–83–83780–HKT, returned on June 1, 1983, alleged in the first count the primary offense of misdemeanor theft of one moustache kit and one curl activator of the value of at least $5.00 but less than $20.00 on or about May 1, 1983.

The second paragraph thereof alleged a prior felony conviction of theft by receiving and concealing. No other prior convictions were alleged.

On September 9, 1983, the appellant entered a plea of guilty before the court to the indictment. The court assessed punishment at 10 years' imprisonment.

V.T.C.A., Penal Code, § 31.03(d)(4)(C), provides:

"(d) An offense under this section (theft) is:

"(4) a felony of the third degree if:

"(C) the value of the property stolen is less than $200 and the defendant has been previously convicted two or more times of any grade of theft;[1] ...."

V.T.C.A., Penal Code, § 12.34, provides:

"(a) An individual adjudged guilty of a felony of the third degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years.

"(b) In addition to imprisonment an individual adjudged guilty of a felony of

---

1. V.T.C.A., Penal Code, § 31.03(d)(4)(C), was amended in 1983 to change the "$200" to "$750." Acts 1983, 68th Leg., p. 2918, ch. 497, § 3, eff. Sept. 1, 1983. This amendment was not in effect at the time of the commission of the offense here involved on May 1, 1983.

Section 6 of Acts 1983, 68th Leg., p. 2918, ch. 497 at p. 2920 provides:

"(a) * * *

"(b) An offense committed before the effective date of this act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose."

the third degree may be punished by a fine not to exceed $5,000."

The primary count of the indictment alleged a Class B misdemeanor. V.T.C.A., Penal Code, § 31.03(d)(2)(A). The allegation of one prior felony theft did not convert the charge into a third-degree felony, nor properly enhance the offense under V.T.C.A., Penal Code, § 12.43, so that the district court would have jurisdiction.

The 283rd Judicial District Court of Dallas County did not have jurisdiction over the offense alleged. Article V, § 8, Texas Constitution; Article 199a, § 283, V.A.C.S.

We agree with the findings of facts and conclusions of law of the trial court. The conviction in Cause No. F–83–83780–HKT is set aside and the cause is remanded to the district court for transfer to a county court in Dallas County with misdemeanor jurisdiction over the offense alleged in the first paragraph of the indictment.

IT IS SO ORDERED.