IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-111-CR




FRED LEON MITCHELL, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT

NO. 90-084-K277, HONORABLE BURT CARNES, JUDGE


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated, third offense. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1(e) (Supp. 1991). The jury found that another person suffered serious
bodily injury as a direct result of the offense, and assessed punishment at imprisonment for five
years and a $2500 fine. Art. 6701l-1(f). The jury also made an affirmative finding that appellant
used a deadly weapon, the automobile, during the commission of the offense.

 Appellant contends that the indictment did not allege a felony offense and that the
district court was without jurisdiction as a consequence. We agree, and sustain the first point of
error. Appellant's other points of error challenge the adequacy of the notice of a possible
affirmative finding and the admissibility of a blood test result. We find these points of error to
be without merit.

 On the afternoon of September 17, 1989, appellant lost control of his automobile
while driving at a speed of approximately 80 miles-per-hour. The vehicle left the road, struck an
elevated concrete drainage culvert, became airborne, flipped over, returned to the ground, flew
into the air once again, and finally came to rest against a fence. One of the passengers in the car,
appellant's three-year-old son, suffered massive injuries, including the rupture of his intestines
and paralyzing spinal damage. The other passenger sustained numerous broken bones. A blood
test indicated that appellant had an alcohol concentration of 0.25.



Jurisdiction


 Driving while intoxicated is punishable by imprisonment, and hence is a felony,
"[i]f it is shown on the trial of an offense under this article that the person has previously been
convicted two or more times of an offense under this article . . . ." Art. 6701l-1(e). The
indictment in this cause alleged that appellant had three previous DWI convictions: in Wake
County, North Carolina; in Durham County, North Carolina; and in Bell County, Texas. Before
trial, the Durham County allegation was waived by the State.

 Appellant moved to quash the indictment on the ground that the North Carolina
convictions could not be used to enhance this offense to a felony pursuant to art. 6701l-1(e). 
Thus, urged appellant, the indictment did not allege a felony offense and the district court was
without jurisdiction. After a hearing, the motion was overruled.

 Appellant argues that a previous conviction for "an offense under this article"
means a previous conviction for an offense under art. 6701l-1. This is the most obvious and
straightforward reading of the phrase. Nevertheless, the State urges that the statutory language
should be understood to mean a previous conviction for "an offense defined by this article," and
should not be limited to Texas prosecutions as long as the elements of the out-of-state offense
constitute an offense defined by art. 6701l-1. This is a question of first impression.

 The phrase "an offense under this article" appears repeatedly in art. 6701l-1. (1) In
subsections (c), (f), (g), (j), (m), and (n)(1), and as it is first used in subsections (d) and (e), the
phrase obviously refers to an offense under art. 6701l-1. It logically follows that when the phrase
appears the second time in subsections (d) and (e), in the reference to previous convictions used
to enhance, it also refers to an offense under art. 6701l-1. Surely, when a phrase appears twice
in the same sentence it carries the same meaning each time. By using precisely the same words
used elsewhere in the statute to refer to offenses under art. 6701l-1, subsections (d) and (e) plainly
require that the previous convictions used to enhance be convictions under art. 6701l-1.

 If any conviction based on conduct that would be an offense under art. 6701l-1
could be used to enhance, as the State argues, subsection (g) would be superfluous. Subsection
(g) serves a purpose only if subsections (d) and (e) are understood to require that the previous
convictions used to enhance be convictions under art. 6701l-1.

 In its brief, the State vigorously asserts that its reading of the statute better serves
the public interest. That may be true. But where a statute is clear and unambiguous, the
legislature must be understood to mean what it has expressed, and it is not for the courts to add
or subtract from the statute. Boykin v. State, No. 1539-89 (Tex. Crim. App., October 9, 1991);
Ex parte Davis, 412 S.W.2d 46, 52 (Tex. Crim. App. 1967). It is constitutionally permissible
for a court to depart from the plain language of a statute only if necessary to avoid an absurd
result. Boykin, ___ S.W.2d at ___. Reasonable people may question the wisdom of limiting the
application of the enhancement provisions of art. 6701l-1, but the result cannot be characterized
as absurd. The State's policy arguments must be addressed to the legislature.

 Although we base our holding on the plain language of the statute, we note that art.
6701l-2, as it read prior to the revision of the DWI statutes effective January 1, 1984, and its
predecessor statute, 1925 Tex. Penal Code art. 802b, required that the previous conviction used
to enhance the offense to a felony be for an offense committed "in this state." Thus, in requiring
that the previous convictions be for an offense under art. 6701l-1, subsections (d) and (e) are
consistent with prior law.

 Appellant's first point of error is sustained. Because the indictment alleged only
one previous conviction under art. 6701l-1, it alleged the misdemeanor of driving while
intoxicated, second offense. Art. 6701l-1(d). The district court did not have jurisdiction of this
offense. Tex. Code Crim. Proc. Ann. art. 4.05 (Supp. 1991). The district court never acquired
jurisdiction, and was required by law to transfer the indictment to a court having misdemeanor
jurisdiction. Tex. Code Crim. Proc. Ann. art. 21.26 (1989). As a result, we must reverse the
judgment of conviction and remand the cause to the district court for transfer to a court having
jurisdiction of the misdemeanor offense. Ex parte Jones, 682 S.W.2d 311 (Tex. Crim. App.
1984); Harris v. State, 565 S.W.2d 66 (Tex. Crim. App. 1978). (2) 

 Other Points of Error


 We will address appellant's other points of error, as they will recur on retrial. 
First, appellant contends that he was not properly notified that the State would request an
affirmative finding that he used a deadly weapon during the commission of the offense. If the
State intends to request an affirmative finding, it must give the accused notice in some form that
the use of a deadly weapon will be a fact issue at trial. Ex parte Patterson, 740 S.W.2d 766 (Tex.
Crim. App. 1987).

 The indictment contains a paragraph alleging that at the time he committed the
charged offense, appellant "used and exhibited a deadly weapon, namely an automobile, during
the commission of and during the immediate flight therefrom." Appellant argues that this notice
was not sufficient, because the paragraph does not allege the manner and means by which the
automobile became a deadly weapon. He cites no pertinent authority in support of this contention.

 Assuming without deciding that an allegation of the manner and means of the
automobile's use was necessary to give adequate notice under Patterson, the indictment in this
cause passes muster. The indictment alleges that appellant "did cause serious bodily injury to
Fred Leon Mitchell, III, a passenger in the vehicle, by causing the motor vehicle to collide with
a fixed object." This was adequate to inform appellant of the manner by which the automobile
became a deadly weapon. Indeed, this alone was adequate notice of the deadly weapon issue. 
Gilbert v. State, 769 S.W.2d 535, 536 (Tex. Crim. App. 1989); see also Grettenberg v. State,
790 S.W.2d 613 (Tex. Crim. App. 1990). Point of error two is overruled.

 Appellant's last point of error is that the trial court erred by overruling his motion
to suppress the result of the chemical analysis of appellant's blood. Appellant first urges that the
State failed to establish that the blood sample was taken in conformity to Tex. Rev. Civ. Stat.
Ann. art. 6701l-5, § 3(c) (Supp. 1991). Section 3(c), as it then read, required that blood samples
"be taken in a sanitary place, and such place, if other than the office or place of business of a
licensee of the Texas State Board of Medical Examiners, must be inspected on a periodic basis
by an agency of the state or by the county in which the sample is taken." (3)

 The blood sample was taken in the emergency center at Brackenridge Hospital in
Austin on September 17, 1989. The registered nurse who drew the sample testified that the
emergency center is a sanitary place and the place of business for doctors licensed by the Board
of Medical Examiners. Section 3(c) was satisfied. Appellant's argument that the State was
required to prove that the hospital was periodically inspected is based on the text of the statute as
it read before its amendment effective June 15, 1989. See 1987 Tex. Gen. Laws, ch. 591, § 1,
at 2316; 1989 Tex. Gen. Laws, ch. 963, § 1, at 4040.

 Next, appellant urges that the State did not prove the predicate for taking an
involuntary blood sample under Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 3(i) (Supp. 1991). 
Section 3(i) states that a peace officer "shall require a person to give a specimen" if: (1) the
officer arrests the person for an offense under art. 6701l-1 or Tex. Penal Code Ann. § 19.05(a)(2)
(1989); (2) the person was the operator of a motor vehicle involved in an accident that the officer
reasonably believes occurred as a result of the offense; (3) at the time of the arrest the officer
reasonably believes that a person has died or will die as a direct result of the accident; and (4) the
person refuses the officer's request to voluntarily give a specimen.

 Department of Public Safety officer Douglas Vance investigated the accident. 
When he arrived at the scene, appellant was still sitting behind the steering wheel, in his seat belt. 
Appellant had about him a strong odor of alcoholic beverage. The child had been removed from
the vehicle and was being attended by emergency personnel. He was not moving, and was
drifting in and out of consciousness. In light of the child's appearance and the information he
received from the medical attendants, and based on his previous experience investigating traffic
accidents, Vance concluded that the child was in critical condition and near death. Vance radioed
this information to Austin, and asked that a blood sample be taken from appellant upon his arrival
at the hospital.

 Acting on the information received from Vance, Department of Public Safety
officer Peter Heller went to Brackenridge Hospital and obtained the blood sample. Heller
approached appellant, who was lying on a stretcher, and asked him if he was the driver in the
accident. Appellant turned his eyes away from the officer and closed them. Heller then read to
appellant a document indicating that the officer was there to obtain a blood specimen and that
appellant was under arrest for an offense under art. 6701l-1 or Penal Code § 19.05(a)(2). 
Appellant did not respond. Heller concluded that appellant would not voluntarily agree to give
the blood sample.

 Based on the information he received from Vance, Heller had probable cause to
arrest appellant for driving while intoxicated, and his testimony establishes that he did so before
obtaining the blood sample. Further, Heller could reasonably believe, based on this information,
that an accident had occurred as a result of this offense and that a person injured in the accident
was likely to die. Heller was also justified in believing, based on appellant's conduct at the
hospital, that appellant did not voluntarily consent to giving a blood sample. (4) The blood sample
was lawfully obtained pursuant to § 3(i). The third point of error is overruled.

 The judgment of conviction is reversed. The cause is remanded to the district court
with the instruction to transfer the cause to a court having misdemeanor jurisdiction.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Reversed and Remanded

Filed:  December 18, 1991

[Publish]
1. Article 6701l-1 provides, in pertinent part:


(c) Except as provided by Subsections (d), (e), and (f) of this article, an offense
under this article is punishable by . . . .


(d) If it is shown on the trial of an offense under this article that the person has
previously been convicted one time of an offense under this article, the offense is
punishable by . . . .


(e) If it is shown on the trial of an offense under this article that the person has
previously been convicted two or more times of an offense under this article, the
offense is punishable by . . . . 


(f) If it is shown on the trial of a person punished for an offense under Subsection
(c), (d), or (e) of this article that the person committed the offense and as a direct
result of the offense another person suffered serious bodily injury . . . . If it is
shown on the trial of a person punished for an offense under this article that the
person committed the offense and at the time of the offense the person operating
the motor vehicle had an open container . . . .


(g) For the purposes of this article, a conviction for an offense under Article
6701l-1 or 6701l-2, Revised Statutes, as those laws existed before January 1, 1984,
is a conviction of an offense under this article.


. . . .


(j) On conviction of an offense under this article or an offense under Subdivision
(2), Subsection (a), Section 19.05, Penal Code, the court shall impose a cost of $15
on a defendant if . . . .


(m) On conviction of an offense punishable under Subsection (c) of this article,
the court shall impose as a cost of court on the defendant . . . .


(n)(1) If a person commits an offense under this article, and as a direct result of
the offense the person causes an incident resulting in an accident response by a
public agency . . . .


(Emphasis added.)
2. In his motion to quash, appellant asked the district court to set aside the indictment. Because
the indictment did allege an offense, the proper relief was to transfer the cause to a court with
jurisdiction. Appellant's failure to request the proper relief is of no consequence, as the lack of
subject-matter jurisdiction cannot be waived. 16 Tex. Jur. 3d, Courts § 44 (1981).
3. Effective August 26, 1991, § 3(c) was amended to require only that the blood sample be taken
in a sanitary place. 1991 Tex. Sess. Law Serv., ch. 148, § 1, at 737.
4. Strictly speaking, § 3(i)(4) adds nothing to the statute. If a person voluntarily consents to an
officer's request for a blood or breath sample, the officer need not resort to his authority under
§ 3(i). On the other hand, if the conditions specified in § 3(i)(1), (2), and (3) are satisfied, the
absence of consent is irrelevant. In this cause, the State relied on § 3(i) because appellant objected
that the blood sample had been taken involuntarily.