**Donald BRUNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–99–00078–CR.**

Court of Appeals of Texas, El Paso.

March 23, 2000.

Steven L. Clark, Kerville, for Appellant.

Katrina L. Jackson, Dist. and County Atty., Andrews, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *O P I N I O N*

RICHARD BARAJAS, Chief Justice.

This is an appeal from a conviction for the offense of theft in an amount greater than fifty ($50) dollars but less than five-hundred ($500) dollars. The jury assessed punishment at twenty-five days in county jail and a fine of $1,200. We reverse the judgment of the trial court and remand the cause to the trial court with instructions that it transfer the cause to a court having jurisdiction of the misdemeanor offense.

## I. *SUMMARY OF THE EVIDENCE*

On April 23, 1998, Appellant was charged by indictment with felony theft in accordance with TEX. PEN.CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.2000)—the allegation of two prior theft convictions to raise a misdemeanor theft charge to a State Jail Felony.[1] On December 31, 1998,

---

1. The indictment read in relevant part:

 Donald Bruns hereafter styled the Defendant, heretofore on or about February 25, 1998, did then and there unlawfully appropriate property owned by Tommy Jones, namely current money of the United States of America, by acquiring and otherwise exercising control over said property without the effective consent of the said owner and with intent to deprive the owner of the said property, which had a value of $82.60;

 But the Grand Jury also presents that before he stole the property as alleged above, the Defendant had previously been convicted two (2) or more times of the offense of theft/forgery, to-wit:

 ▪ in Cause No. 517166 in the 339th Judicial District Court of Harris County, Texas on the 19th day of January, 1990;

Appellant filed a motion to quash the indictment alleging that the State's allegations of prior convictions alleged forgeries instead of theft convictions. The motion urged that the District Court did not have jurisdiction as the indictment alleged only a misdemeanor and urged that the court set aside the indictment.

On January 5, 1999, prior to the commencement of voir dire, a hearing was held on the motion to quash and the court overruled the motion. At the hearing, Appellant urged that the indictment did no more than allege a misdemeanor, as the two prior offenses were convictions for forgery. The State responded that the question of whether the forgery offenses were theft convictions was fact matter to be put before the jury. It was the State's position that the forgeries were variations of theft in that the victims suffered a pecuniary loss. The court stated that it had serious questions whether or not the offense was a felony but it nonetheless overruled the motion to quash.

At trial, the State presented evidence that Appellant made a request for mileage reimbursement to the Texas Workers' Compensation Fund in the amount of $103.60 at a time when he was incarcerated in the Andrews County Jail. Janice Tipton, the adjustor handling the case, issued a check for $109.20, payable to Appellant for the alleged travel expenses. Appellant endorsed the check and it was cashed within two days of its receipt. A subsequent investigation revealed that Appellant did not incur the travel expenses on any of the three visits to the doctors' offices because he was transported to the doctors' appointments by jail personnel in county vehicles. This amount came to $82.60.

At the close of the State's case, counsel for the State made an offer of proof regarding the two allegations of prior convictions. Prior to the offer of proof, counsel

■ in Cuase [sic] No. 2629, in the 109th Judicial District Court of Andrews County,

argued that the two forgery convictions involved completed thefts and qualified as prior thefts. After a fingerprint witness proved up the penitentiary packets, he testified that the judgment for four counts of forgery from Harris County indicated that Appellant had been ordered to pay restitution notwithstanding the fact he was given a prison sentence and was not placed on probation. An investigator for the Andrews Police Department testified that he had investigated the forgery referenced in the second penitentiary packet. He stated that Appellant had passed a stolen check at a Furr's supermarket and had received eighty dollars from the cashier. At the close of this testimony, Appellant renewed his motion to quash the indictment. The court again denied the motion; however, the court did not allow the theft allegations to be included in the charge and the jury was charged only on misdemeanor theft.

Appellant presented his case. He adduced some evidence that he had stated to jail personnel that he wanted to reimburse the county for the expense of transporting him to the doctors' offices. Appellant testified in his own behalf. He stated that it was his intention to reimburse the Sheriff's Department for the expense of transporting him to the doctors' offices.

## II. DISCUSSION

■ In Issue No. One, Appellant asserts that the court erred in overruling his motion to quash the indictment. Appellant was charged under TEX. PEN.CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.2000) which provides for State Jail Felony punishment if the amount stolen is less that $1,500 and the defendant has been previously convicted two or more times of any grade of theft. The Court of Criminal Appeals has determined that the felony theft statute is not an enhancement provision. *Gant v. State*, 606 S.W.2d 867, 869 n. 2, 871 n. 9 (Tex.

Texas, on May 1, 1991.

Crim.App.1980); *see also Diamond v. State*, 530 S.W.2d 586, 587 (Tex.Crim.App. 1975). Rather, this provision creates a felony offense and vests the district court with jurisdiction. *See Gant*, 606 S.W.2d at 871; *Diamond*, 530 S.W.2d at 587. The requirement that the State prove at least *two* prior theft convictions under Section 31.03(e)(4)(D) is "a jurisdictional element—a 'forbidden conduct'—of the felony theft proscribed...." *Gant*, 606 S.W.2d at 872 n. 9. *Minnamon v. State*, 988 S.W.2d 408, 410 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Williams v. State*, 946 S.W.2d 886, 899 (Tex.App.—Waco 1997, no pet.).

■ Appellant maintains that the court should have granted his motion to quash the indictment and, as such, never had jurisdiction over the misdemeanor theft offense. Initially, the State argues that even if the motion to quash was granted, the correct remedy was to transfer the case to a court having misdemeanor jurisdiction. As Appellant sought to have the indictment set aside, the State reasons that the court correctly overruled the motion to quash because Appellant sought the wrong remedy. However, Appellant's failure to request the proper relief is not determinative, as the lack of subject-matter jurisdiction cannot be waived. *Mitchell v. State*, 821 S.W.2d 420, 425 (Tex. App.—Austin 1991, pet. ref'd).

■ The State also asserts that its indictment was properly worded; therefore, it invoked the jurisdiction of the court and the court was entitled to submit a lesser-included offense at the close of evidence. Once the jurisdiction of a trial court has properly been invoked to try the charged offense, the trial court is authorized to proceed to judgment on any lesser-included offense determined from the offense charged and the facts of the case. *See Cunningham v. State*, 726 S.W.2d 151, 153 (Tex.Crim.App.1987). The question then becomes, did the State properly invoke the felony jurisdiction of the court?

In *Chambers v. State*, 736 S.W.2d 192 (Tex.App.—Dallas 1987, no pet.), the Dallas Court of Appeals held that a burglary conviction does not constitute a conviction of "any grade of theft" for purposes of Section 31.03(e)(4)(D). The *Chambers* court reasoned that since the elements of burglary do not include a completed theft, but merely "with intent to commit theft," burglary should not be deemed a "theft" offense. *Id.* at 195. Using this same rationale in another case, the Court held that the elements of forgery do not include an intent to commit theft nor a completed theft. *Shaw v. State*, 794 S.W.2d 544, 545 (Tex.App.—Dallas 1990, no pet.). Once again, the court reasoned that the differences between forgery and theft are even more distinct than the differences between burglary and theft. Since the elements of forgery do not include a completed theft, the Court held that forgery should not be deemed a "theft" offense for purposes of Section 31.03(e)(4)(D). *Id.* The Texarkana Court of Appeals has held that aggravated robbery is not a theft for purposes of Section 31.03(e)(4)(D). *Coleman v. State*, 947 S.W.2d 586, 587 (Tex.App.—Texarkana 1997, no pet.). Another court has held that credit card abuse is not a "theft" within the meaning of the aforementioned section. *Colquitt v. State*, 650 S.W.2d 128, 129 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

The term "grade of theft" has the following common legal meaning:

**Graded offense.** One for which offender is subject to a more severe penalty for a higher grade than for a lower grade of offense according to terms of statute; *e.g.*, first degree murder, as opposed to second or third degree; aggravated as opposed to simple assault. Most state criminal statutes provide for degrees of crimes with corresponding differing punishments or sentences.

Black's Law Dictionary 698 (6th ed.1990).

■ We find that Section 31.03(e)(4)(D) requires that the offenses utilized to upgrade a misdemeanor offense to a felony

must be theft offenses. The driving while intoxicated statutes contain similar jurisdiction requirements that are analogous to the theft statute in question. *See Minnamon*, 988 S.W.2d at 409–10. In *Mitchell*, 821 S.W.2d at 422, the State improperly attempted to elevate a misdemeanor DWI case to a felony by alleging an out-of-state prior DWI. This failure of pleading meant that the district court never obtained jurisdiction and the trial court was ordered to transfer the case to a court having misdemeanor jurisdiction. *Id.* at 423. In the present case, the allegation of theft/forgery in the indictment causes a similar result. It was clear that the offenses were actually forgeries and, accordingly, the trial court never obtained jurisdiction over the case. Issue No. One is sustained. We reverse the judgment of the trial court and remand the cause to the trial court with instructions that it transfer the cause to a court having jurisdiction of the misdemeanor offense. *See id.*