Bernard **BARNES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–02–00356–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 22, 2003.

Michael D. Robbins, San Antonio, for appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

Opinion by: ALMA L. LÓPEZ, Chief Justice.

Bernard Barnes ("Barnes") appeals his conviction for the offense of theft of property valued at less than $1,500 enhanced. In his sole issue on appeal, Barnes argues that the trial court lacked jurisdiction over his felony offense because the State failed to prove that he had two previous theft convictions. We affirm the trial court's judgment.

## BACKGROUND

On December 23, 2001, Barnes stole three watches, valued at $160, from a Foley's Department Store. A grand jury indicted Barnes for the offense of theft of property valued at less than $1,500 enhanced. The indictment alleged that Barnes stole three watches, and that Barnes had four prior convictions—two prior theft convictions and two prior non-theft, felony convictions. The two prior theft convictions alleged in the indictment included a misdemeanor theft conviction in cause number 731608 and an enhanced theft conviction in cause number 92CR1534. Before trial commenced, the State waived and abandoned its allegation of the two prior non-theft, felony convictions.

On April 25, 2002, Barnes signed and swore to a judicial confession and a waiver and consent to stipulations. That same day, Barnes entered into a plea agreement with the State, entered a plea of nolo contendere, and waived his right to trial.

The judicial confession incorporated the indictment and stated in relevant part:

I, Bernard Barnes, do hereby judicially confess and admit, that I intentionally and knowingly, in Bexar County, Texas on the 23rd day of December, A.D. 2001, ... did then and there deprive the owner ... of property, namely three (3) watches, ... and before the commission of the offense alleged above, on the 11th day of August, A.D., 1999, in Cause No. 731608, in Bexar County, Texas, the defendant was convicted of the offense of theft $50–$500; and on the 24th day of May, A.D. 1993, in Cause No. 92CR1534, in Bexar County, Texas, the defendant was convicted of the offense of Theft Enhancement.

Barnes further stated that he was the person named in the indictment and that all of the allegations were true and correct. In his waiver and consent to stipulations, Barnes stated that he knowingly and voluntarily agreed to waive his rights to appearance, confrontation, and cross-examination of witnesses. Barnes further swore that the evidence introduced by the State was true and correct, and that he was the person named in the attached documents. The evidence attached to these papers included evidence of the underlying theft and copies of the judgments of the two prior convictions. The trial court admitted without objection both the judicial confession and the waiver and consent to stipulations.

The trial court found Barnes guilty of the offense of theft of property valued at less than $1,500 enhanced. Pursuant to Barnes's plea bargain with the State, the trial court sentenced Barnes to two years in jail and assessed a fine of $1,000. Barnes timely appealed.[2]

**2.** Barnes submitted a pro se brief in response to the State's brief. However, Barnes is represented by an attorney, who submitted a brief on his behalf. Under Texas law, appellants do not have a right to hybrid representation; therefore, we will only consider the brief filed by Barnes's attorney. *See Rudd v.*

## DISCUSSION

■ In his sole issue on appeal, Barnes argues that the trial court lacked jurisdiction over his felony theft offense because the State failed to prove that he had two prior theft convictions. Specifically, Barnes asserts that the State improperly stipulated that he was the same person as the person named in one of the prior convictions, cause number 731608. Conversely, the State maintains that Barnes's signed judicial confession and waiver and consent to stipulations in which he admits that he was the person alleged in both prior theft convictions is sufficient proof of the prior convictions. We agree with the State.

■ Section 31.03 of the Texas Penal Code provides that if a person commits theft of property with a value of less than $1,500, and the defendant has two or more prior convictions of any grade of theft, the offense is elevated to a state jail felony. TEX. PEN.CODE ANN. § 31.03(a), (e)(4)(D) (Vernon Supp.2002). When a misdemeanor theft is elevated to a felony theft, the prior theft convictions create a new offense and vest jurisdiction in the district court. *Diamond v. State,* 530 S.W.2d 586, 587 (Tex.Crim.App.1975); *Moore v. State,* 916 S.W.2d 537, 539 (Tex.App.-Dallas 1995, no pet.) The prior theft convictions become jurisdictional elements of the theft charge and cannot be waived. *Gant v. State,* 606 S.W.2d 867, 871 (Tex.Crim.App.1980); *Moore,* 916 S.W.2d at 540; *Bruns v. State,* 22 S.W.3d 540, 543 (Tex.App.-El Paso 2000, no pet.) (stating that "lack of subject matter jurisdiction cannot be waived"). The State must prove the underlying theft and the two prior theft convictions. *Moore,* 916 S.W.2d at 540. Accordingly, if the State fails to prove the prior felony convictions, but proves the underlying theft, then the case must be transferred to

a court with misdemeanor jurisdiction. *Bruns,* 22 S.W.3d at 544.

■ To determine whether the district court had proper jurisdiction over this case, we must decide whether the evidence of the prior conviction in question was properly stipulated. Article 1.15 of the Texas Code of Criminal Procedure provides that evidence that is introduced to support a trial court's judgment may be stipulated if the defendant:

> consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2002); *Wright v. State,* 930 S.W.2d 131, 133 (Tex.App.-Dallas 1996, no pet.). A stipulation "includes agreements about what the evidence or testimony would be, if presented in open court, without conceding the truthfulness of that evidence or otherwise waiving the need for proof." *Wright,* 930 S.W.2d at 133. A defendant who pleads nolo contendere does not need to concede the veracity of the stipulated evidence; however, if the defendant concedes, the courts consider the stipulation a judicial confession. *Id.* (citing *Stone v. State,* 919 S.W.2d 424, 426 (Tex.Crim.App.1996)). When the issue in controversy involves proof of prior convictions, the Texas Court of Criminal Appeals has held that stipulations and judicial ad-

*State,* 616 S.W.2d 623, 625 (Tex.Crim.App. 1981).

missions are sufficient proof of prior convictions for enhancement purposes or punishment. *Beck v. State* 719 S.W.2d 205, 209–10 (Tex.Crim.App.1986); *Garza v. State,* 548 S.W.2d 55, 56–57 (Tex.Crim. App.1977); *Trotty v. State,* 787 S.W.2d 629, 631 (Tex.App.-Fort Worth 1990, pet. ref'd).

Barnes waived his right to appearance, confrontation, and cross-examination of witnesses and consented to the stipulation of evidence on behalf of the State by "affidavits, written statements of witnesses, police reports, laboratory reports and any *other documentary evidence.*" Barnes further agreed that the evidence was true and correct, and that he was the person referred to in the attached documents. Barnes not only signed and swore to the waiver and consent to stipulations, but he also signed a judicial confession in which he admitted that he committed the theft and that he was the person named in the two prior theft convictions. Because Barnes and his attorney signed the waiver and consent to stipulations and judicial confession, which were approved by the trial court and filed with the district clerk, the State satisfied the requirements of article 1.15. *See Wright,* 930 S.W.2d at 133. Barnes's waiver and consent to the stipulations and his judicial confession that he was the person named in the two prior theft convictions were sufficient proof of the prior convictions alleged in the indictment. *See id.; Garza,* 548 S.W.2d at 56–57. We overrule Barnes's sole issue.

We affirm the trial court's judgment.