In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-162 CR


____________________



WILBERT JAMES TEAL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. CR-24,863






OPINION


 Appellant, Wilbert James Teal, was convicted in the 217th District Court for the
offense of Hindering Apprehension. Tex. Pen. Code Ann. § 38.05 (Vernon Supp. 2005). 
The pertinent part of his indictment reads: "did then and there intentionally, with the intent
to hinder the arrest, prosecution, or punishment of Curtis Brown for the offense of Failure
to Comply with Registration as a Sex Offender, did harbor or conceal Curtis Brown by
stating to peace officers that Curtis Brown was not present at a residence occupied by the
defendant at a time when Curtis Brown was then and there present at said residence . . . ." 
Following the jury's verdict, the trial court assessed punishment at confinement in the Texas
Department of Criminal Justice - Correctional Institutions Division for a term of two years. 
On appeal, he complains of the lack of both legally and factually sufficient evidence to
sustain his conviction as well as of jury-charge error. However, as the record raises a
question as to the trial court's subject-matter jurisdiction, we must address this issue before
proceeding to any other. See Sanchez v. State, 120 S.W.3d 359, 365 (Tex. Crim. App. 2003);
Marin v. State, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) (jurisdiction is a systemic
requirement that cannot be waived or conferred by consent, and which may be considered
at any time). See also State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996),
overruled on other grounds, State v. Medrano, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002);
Kelson v. State, 167 S.W.3d 587, 593 (Tex. App.--Beaumont 2005, no pet.) (threshold
inquiries of jurisdiction must be disposed of before addressing substantive issues raised by
parties because subject-matter jurisdiction cannot be conferred by agreement of the parties,
but must be vested in a court by constitution or statute).

 Section 38.05 of the Texas Penal Code, titled "Hindering Apprehension or
Prosecution," describes the offense pertinent to the instant case in the following manner:

 (a) A person commits an offense if, with intent to hinder the arrest,
prosecution, conviction, or punishment of another for an offense . . . , he:

 (1) harbors or conceals the other;

 (2) provides or aids in providing the other with any means of
avoiding arrest effecting escape; or

 (3) warns the other of impending discovery or apprehension.


 Subsection (c) of 38.05 classifies the above-quoted offense as a Class A misdemeanor. 
However, the offense becomes a third degree felony when the following language is added
as additional elements:

 (c) . . . except that the offense is a felony of the third degree if the
person who is harbored, concealed, provided with a means of avoiding arrest
or effecting escape, or warned of discovery or apprehension is under arrest for,
charged with, or convicted of a felony, . . . and the person charged under this
section knew that the person they harbored, concealed, provided with a means
of avoiding arrest or effecting escape, or warned of discovery or apprehension
is under arrest for, charged with, or convicted of a felony[.] (emphasis added)


 For a defendant to be charged and convicted of felony hindering apprehension the
State must additionally allege and prove: (1) that the person harbored or assisted was facing
arrest, charge, or had been convicted of a felony ("felony fugitive status"); and (2) that the
defendant knew the person being harbored or assisted had felony fugitive status. In the
instant case, while the indictment language indicates that the person being assisted, Curtis
Brown, did have felony fugitive status for failure to register as a sex offender, (1) the indictment
failed to additionally allege that Teal had knowledge of Brown's felony fugitive status so as
to facially charge a third degree felony under section 38.05, and vest the district court with
subject-matter jurisdiction. 

 In criminal cases, the original jurisdiction of district courts is limited to felony
offenses and those misdemeanor offenses (1) that involve official misconduct, or (2) that are
transferred to the district court under article 4.17 of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005). District courts in Texas have the
jurisdiction provided by Article V, Section 8, of the Texas Constitution. Tex. Gov't Code
Ann. § 24.007 (Vernon 2004). Tex. Const. art. V, § 8 reads in pertinent part: "District
Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions,
proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction
may be conferred by this Constitution or other law on some other court, tribunal, or
administrative body." The Texas Government Code provides that: "The 217th Judicial
District is composed of Angelina County." See Tex. Gov't Code Ann. § 24.395 (Vernon
2004). The Legislature also has provided two statutory county courts at law for Angelina
County, each with "jurisdiction over all causes and proceedings, civil and criminal, original
and appellate, prescribed by law for county courts." See Tex. Gov't Code Ann. § 25.0003
(Vernon Supp. 2005); §§ 25.0051-25.0052 (Vernon 2004). County courts have "exclusive
original jurisdiction of misdemeanors other than misdemeanors involving official misconduct
and cases in which the highest fine that may be imposed is $500 or less." Tex. Gov't Code
Ann. § 26.045 (Vernon 2004). See also Tex. Code Crim. Proc. Ann. arts. 4.05, 4.07
(Vernon 2005). 

 Lack of subject-matter jurisdiction was brought to the trial court's attention following
the swearing-in of the jury panel. The State appears to have responded that Teal's
knowledge of Brown's felony fugitive status was merely a matter of proof. The trial court
denied trial counsel's jurisdictional complaint. 

 The State's argument to the trial court was incorrect. The misdemeanor hindering
apprehension can only be elevated to third degree felony hindering apprehension by
including the additional jurisdictional elements of the other person's felony fugitive status
and the defendant's knowledge of the other person's felony fugitive status. See generally
Barnes v. State, 103 S.W.3d 494, 497 (Tex. App.--San Antonio 2003, no pet.); Bruns v. State,
22 S.W.3d 540, 542-43 (Tex. App.--El Paso 2000, no pet.). "As a general rule, a charging
instrument must charge an offense within the jurisdiction of the trial court in which it is filed.
. . . [I]f [a charging instrument] affirmatively alleges an offense not within the jurisdiction
of the court in which it is filed, the instrument should be dismissed or transferred." 41
George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 20.92 (2d ed. 2001)(footnotes omitted). In the instant case, the trial court
never acquired felony jurisdiction of the misdemeanor offense alleged in the indictment and
was required to transfer the indictment to a court having misdemeanor jurisdiction. See Tex.
Code Crim. Proc. Ann. art. 21.26 (Vernon 1989); Ex parte Jones, 682 S.W.2d 311, 313
(Tex. Crim. App. 1984); Harris v. State, 565 S.W.2d 66, 68 (Tex. Crim. App. 1978); Bruns,
22 S.W.3d at 543-44. Because we conclude the trial court never acquired jurisdiction over
the case, the judgment of conviction must be vacated and the cause remanded to the 217th
District Court with instructions to transfer the cause to one of the county courts in Angelina
County having misdemeanor jurisdiction. See Ex parte Jones, 682 S.W.2d at 313; Harris,
565 S.W.2d at 68.

 VACATED AND REMANDED WITH INSTRUCTIONS.


 ___________________________________

 CHARLES KREGER

 Justice


Submitted on November 10, 2005

Opinion Delivered March 8, 2006

Publish


Before McKeithen, C.J., Gaultney, and Kreger, JJ.


DISSENTING OPINION



 I respectfully dissent. The Constitution of the State of Texas provides that the
"presentment" of an indictment to a court vests the court with jurisdiction of the cause. See 
 Tex. Const. art. V, § 12(b). "Presentment" occurs when the indictment is delivered by the
grand jury to the judge or clerk of court. See Carrillo v. State, 2 S.W.3d 275, 277 n. 5 (Tex.
Crim. App. 1999). Once an indictment is presented, jurisdiction vests, and defects
discovered later do not divest the court of jurisdiction. Id. at 277. The Court of Criminal
Appeals has held that a substantively defective indictment is sufficient to vest the trial court
with jurisdiction. See Cook v. State, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995);
Rodriguez v. State, 799 S.W.2d 301, 302-03 (Tex. Crim. App. 1990). An indictment vests
the court with jurisdiction even if it fails to allege an element of the offense. See Studer v.
State, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990). See also Tex. Code Crim. Proc.
Ann. art. 1.14(b) (Vernon 2005) (defect in indictment must be raised before trial
commences). I cannot agree with the majority's conclusion that the trial court never acquired
jurisdiction over the case.

 _________________________________

 DAVID GAULTNEY 

 Justice


Dissent Delivered

March 8, 2006 
1. See Tex. Code Crim. Ann. art. 62.102 (Vernon Supp. 2005).