**Wilbert James TEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–05–162–CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 10, 2005.

Delivered March 8, 2006.

Rehearing Overruled April 6, 2006.

Bill Burnett, Coldspring, for appellant.

Clyde M. Herrington, Dist. Atty., Dale Summa, Asst. Dist. Atty., Lufkin, for state.

Before McKEITHEN, C.J., GAULTNEY, and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

Appellant, Wilbert James Teal, was convicted in the 217th District Court for the offense of Hindering Apprehension. Tex. Pen.Code Ann. § 38.05 (Vernon Supp. 2005). The pertinent part of his indictment reads: "did then and there intentionally, with the intent to hinder the arrest, prosecution, or punishment of Curtis Brown for the offense of Failure to Comply with Registration as a Sex Offender, did harbor or conceal Curtis Brown by stating to peace officers that Curtis Brown was not present at a residence occupied by the defendant at a time when Curtis Brown was then and there present at said residence . . . ." Following the jury's verdict, the trial court assessed punishment at confinement in the Texas Department of Criminal Justice—Correctional Institutions Division for a term of two years. On appeal, he complains of the lack of both legally and factually sufficient evidence to sustain his conviction as well as of jury-charge error. However, as the record raises a question as to the trial court's subject-matter jurisdiction, we must address this issue before proceeding to any other. *See Sanchez v. State,* 120 S.W.3d 359, 365 (Tex.Crim.App.2003); *Marin v. State,* 851 S.W.2d 275, 279–80 (Tex.Crim. App.1993) (jurisdiction is a systemic requirement that cannot be waived or conferred by consent, and which may be considered at any time). *See also State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim. App.1996), *overruled on other grounds, State v. Medrano,* 67 S.W.3d 892, 903 (Tex. Crim.App.2002); *Kelson v. State,* 167 S.W.3d 587, 593 (Tex.App.-Beaumont 2005, no pet.) (threshold inquiries of jurisdiction must be disposed of before addressing substantive issues raised by parties because subject-matter jurisdiction cannot be conferred by agreement of the parties, but must be vested in a court by constitution or statute).

Section 38.05 of the Texas Penal Code, titled "Hindering Apprehension or Prosecution," describes the offense pertinent to the instant case in the following manner:

(a) A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense . . . , he:

(1) harbors or conceals the other;

(2) provides or aids in providing the other with any means of avoiding arrest effecting escape; or

(3) warns the other of impending discovery or apprehension.

Subsection (c) of 38.05 classifies the above-quoted offense as a Class A misdemeanor. However, the offense becomes a third degree felony when the following language is added as additional elements:

(c) ... except that the offense is a felony of the third degree if the person who is harbored, concealed, provided with a means of avoiding arrest or effecting escape, or warned of discovery or apprehension is under arrest for, charged with, or convicted of a *felony*, ... *and* the person charged under this section *knew* that the person they harbored, concealed, provided with a means of avoiding arrest or effecting escape, or warned of discovery or apprehension is under arrest for, charged with, or convicted of a felony[.] (emphasis added)

For a defendant to be charged and convicted of felony hindering apprehension the State must additionally allege and prove: (1) that the person harbored or assisted was facing arrest, charge, or had been convicted of a *felony* ("felony fugitive status"); **and** (2) that the defendant *knew* the person being harbored or assisted had felony fugitive status. In the instant case, while the indictment language indicates that the person being assisted, Curtis Brown, did have felony fugitive status for failure to register as a sex offender,[1] the indictment failed to additionally allege that Teal had *knowledge* of Brown's felony fugitive status so as to facially charge a third degree felony under section 38.05, and vest the district court with subject-matter jurisdiction.

In criminal cases, the original jurisdiction of district courts is limited to felony offenses and those misdemeanor offenses (1) that involve official misconduct, or (2) that are transferred to the district court under article 4.17 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 4.05 (Vernon 2005). District courts in Texas have the jurisdiction provided by Article V, Section 8, of the Texas Constitution. Tex. Gov't Code Ann. § 24.007 (Vernon 2004). Tex. Const. art. V, § 8 reads in pertinent part: "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." The Texas Government Code provides that: "The 217th Judicial District is composed of Angelina County." *See* Tex. Gov't Code Ann. § 24.395 (Vernon 2004). The Legislature also has provided two statutory county courts at law for Angelina County, each with "jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." *See* Tex. Gov't Code Ann. § 25.0003 (Vernon Supp.2005); §§ 25.0051–25.0052 (Vernon 2004). County courts have "exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less." Tex. Gov't Code Ann. § 26.045 (Vernon 2004). *See also* Tex.Code Crim. Proc. Ann. arts. 4.05, 4.07 (Vernon 2005).

Lack of subject-matter jurisdiction was brought to the trial court's attention following the swearing-in of the jury panel. The State appears to have responded that

---

1. *See* Tex.Code Crim. Ann. art. 62.102 (Vernon Supp.2005).

Teal's knowledge of Brown's felony fugitive status was merely a matter of proof. The trial court denied trial counsel's jurisdictional complaint.

The State's argument to the trial court was incorrect. The misdemeanor hindering apprehension can only be elevated to third degree felony hindering apprehension by including the additional jurisdictional elements of the other person's felony fugitive status *and* the defendant's knowledge of the other person's felony fugitive status. *See generally Barnes v. State,* 103 S.W.3d 494, 497 (Tex.App.-San Antonio 2003, no pet.); *Bruns v. State,* 22 S.W.3d 540, 542–43 (Tex.App.-El Paso 2000, no pet.). "As a general rule, a charging instrument must charge an offense within the jurisdiction of the trial court in which it is filed.... [I]f [a charging instrument] affirmatively alleges an offense not within the jurisdiction of the court in which it is filed, the instrument should be dismissed or transferred." 41 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 20.92 (2d ed.2001)(footnotes omitted). In the instant case, the trial court never acquired felony jurisdiction of the misdemeanor offense alleged in the indictment and was required to transfer the indictment to a court having misdemeanor jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 21.26 (Vernon 1989); *Ex parte Jones,* 682 S.W.2d 311, 313 (Tex.Crim.App.1984); *Harris v. State,* 565 S.W.2d 66, 68 (Tex.Crim.App.1978); *Bruns,* 22 S.W.3d at 543–44. Because we conclude the trial court never acquired jurisdiction over the case, the judgment of conviction must be vacated and the cause remanded to the 217th District Court with instructions to transfer the cause to one of the county courts in Angelina County having misdemeanor jurisdiction. *See Ex parte Jones,* 682 S.W.2d at 313; *Harris,* 565 S.W.2d at 68.

VACATED AND REMANDED WITH INSTRUCTIONS.

GAULTNEY, Justice, dissenting.

DAVID GAULTNEY, Justice, dissenting.

I respectfully dissent. The Constitution of the State of Texas provides that the "presentment" of an indictment to a court vests the court with jurisdiction of the cause. *See* Tex. Const. art. V, § 12(b). "Presentment" occurs when the indictment is delivered by the grand jury to the judge or clerk of court. *See Carrillo v. State,* 2 S.W.3d 275, 277 n. 5 (Tex.Crim.App.1999). Once an indictment is presented, jurisdiction vests, and defects discovered later do not divest the court of jurisdiction. *Id.* at 277. The Court of Criminal Appeals has held that a substantively defective indictment is sufficient to vest the trial court with jurisdiction. *See Cook v. State,* 902 S.W.2d 471, 477 (Tex.Crim.App.1995); *Rodriguez v. State,* 799 S.W.2d 301, 302–03 (Tex.Crim.App.1990). An indictment vests the court with jurisdiction even if it fails to allege an element of the offense. *See Studer v. State,* 799 S.W.2d 263, 272–73 (Tex. Crim.App.1990). *See also* Tex.Code Crim. Poc. Ann. art. 1.14(b) (Vernon 2005) (defect in indictment must be raised before trial commences). I cannot agree with the majority's conclusion that the trial court never acquired jurisdiction over the case.