

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-14-00340-CR**

JENELL MARIE DAVIS                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1361671D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jenell Marie Davis of theft of property under $1,500 with two prior convictions, found the enhancement allegations contained in the indictment true, and assessed Davis's punishment at twelve years' confinement and a $1,000 fine. In two points, Davis challenges the sufficiency of

---

[1]*See* Tex. R. App. P. 47.4.

the evidence to support her conviction and argues that her punishment was improperly enhanced. We will affirm.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

A person commits theft if she unlawfully appropriates property with the intent to deprive the owner of the property. Tex. Penal Code. Ann. § 31.03(a) (West Supp. 2014). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1). The offense is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft. *Id.* § 31.03(e)(4)(D).[2] The requirement that the State prove at least two prior theft convictions under section 31.03(e)(4)(D) is a jurisdictional element, and the State must prove both the underlying theft and the two prior theft convictions. *Barnes v. State*, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no pet.).

---

[2]In 2015, the legislature amended section 31.03(e)(4)(D) by increasing the amount of the value of the property stolen from $1,500 to $2,500. *See* Act of May 27, 2015, 84th Leg., R.S., ch. 1251, § 10, sec. 31.03(e)(4)(D), 2015 Tex. Sess. Law Serv. 4208, 4212 (West) (to be codified at Tex. Penal Code § 31.03(e)(4)(D)). The amended statute did not take effect until after this proceeding had commenced. *See id.* §§ 30–31.

Mohamad Khan testified that while working for Dillard's as a loss prevention officer on March 5, 2014, he observed Davis on a security camera pick up numerous items of children's clothing, put them in a bag, and exit the store without paying for them. According to Khan, Davis—who did not have permission to take the merchandise out of the store without paying for it—stole twenty-one items that had a total value of approximately $650.

Officer Aaron Scholl testified that while working as an off-duty police officer for Dillard's on March 5, 2014, he observed Davis on a security camera place "loads" of children's clothing inside a bag and then exit the store without paying for the clothing. Officer Scholl, who went to intercept Davis, said that she ran when he told her to stop and that he "[m]ore or less" tackled her.

The trial court admitted video-surveillance evidence offered by the State that depicted Davis stuffing a bag with children's clothes and leaving the store without first paying for the merchandise. The trial court also admitted evidence that Davis had two prior theft convictions—one in 1992 and another in 2002.

Davis argues that the evidence is insufficient to show that she intended to unlawfully appropriate Dillard's property because "the proof at trial demonstrated that [she] had merely not yet paid for the items." Proof of a culpable mental state is almost always proved by circumstantial evidence. *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), *cert. denied*, 504 U.S. 974 (1992). Thus, intent may be inferred from acts, words, and conduct of the accused. *Id.* The evidence that Davis (i) put the merchandise in her bag, (ii) exited the store

3

without paying for it, (iii) ran when Officer Scholl confronted her, and (iv) lacked permission to remove the merchandise from the store without paying for it is more than sufficient to demonstrate that she possessed the intent to unlawfully appropriate the merchandise. We overrule her first point.

Davis argues in her second point that her punishment was improperly enhanced from that of a state jail felony to that of a second degree felony because the "prior non[-]state jail felonies [used to enhance her punishment under penal code section 12.425(b)] did not occur prior to the commission of the instant offense."

Penal code section 12.425(b) provides as follows:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

Tex. Penal Code Ann. § 12.425(b) (West Supp. 2014). At the punishment phase, and pursuant to section 12.425(b), the State offered, and the trial court admitted, evidence that Davis had been convicted of robbery causing bodily injury in February 1989 and October 1997. These convictions obviously occurred before the March 2014 date of the underlying state jail felony offense, but Davis argues that the State failed to comply with section 12.425(b) because the 1997 conviction that the State used to enhance her punishment at the punishment phase did not occur before the 1992 conviction that the State used at the

4

guilt/innocence phase to prove that she had committed a felony offense. In other words, in reading section 12.425(b), Davis construes the language "[i]f it is shown on the trial of a state jail felony" to refer not just to the date of the underlying offense for which the defendant is on trial but also to the two theft offenses that the State used at guilt/innocence to prove the commission of a felony. Nothing in section 12.425(b)'s plain language supports such a broad construction. *See Liverman v. State*, Nos. PD-1595-14, PD-1596-14, 2015 WL 5579418, at *3 (Tex. Crim. App. Sept. 23, 2015) ("In construing a statute, we give effect to the plain meaning of its language, unless the statute is ambiguous or the plain meaning would lead to absurd results that the legislature could not have possibly intended."); *see also Carter v. State*, No. 02-10-00503-CR, 2012 WL 254077, at *3 (Tex. App.—Fort Worth Jan. 26, 2012, pet. ref'd) (mem. op., not designated for publication) (reasoning that "the dates of the jurisdictional priors, or offense-enhancing convictions, used to enhance Appellant's instant primary DWI offense to a felony under section 49.09(b)(2) are not elements of that primary DWI offense"). If the legislature had intended the instant offense referred to in section 12.425(b) to include prior theft convictions used for jurisdictional purposes during guilt/innocence, then it easily could have said so, but it did not. Accordingly, we overrule Davis's second point and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

5

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 25, 2015