

# NUMBER 13-24-00099-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOSEPH DIRUZZO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

On January 16, 2024, relator Joseph Diruzzo filed a pro se petition for writ of mandamus seeking to compel the district court "to convene a hearing as commanded by the Texas Court of Criminal Appeals and dismiss the case for lack of subject matter jurisdiction." *See generally Diruzzo v. State*, 581 S.W.3d 788 (Tex. Crim. App. 2019). In *Diruzzo*, the court of criminal appeals concluded that the district court lacked subject

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

matter jurisdiction over relator's case concerning the illegal practice of medicine because the indictment against relator alleged only misdemeanor offenses. *See id.* at 790 (discussing TEX. OCC. CODE ANN. §§ 165.151–.153). The court of criminal appeals thus remanded the case to the district court for further proceedings. *See Diruzzo*, 581 S.W.3d at 790, 804. In a footnote, the court of criminal appeals stated that:

> Typically, when this Court reverses a conviction based on a trial court's failure to grant a motion to quash the indictment, we have ordered the indictment dismissed. *E.g., Smith v. State*, 658 S.W.2d 172, 174 (Tex. Crim. App. 1983). Such an appellate disposition is not appropriate, however, when the motion to quash is predicated on a claim that the district court lacked subject matter jurisdiction over a misdemeanor offense. *See* TEX. CODE CRIM. PROC. art. 21.26 (mandating that district courts should issue transfer orders in any case in which the indictment alleges an offense over which it lacks subject matter jurisdiction); *Ex parte Jones*, 682 S.W.2d 311, 313 (Tex. Crim. App. 1984) (remanding the cause for the district court to transfer an indictment alleging only a misdemeanor to a county court).

*Id.* at 790 n.1.

This Court requested and received a response to the petition for writ of mandamus from the State of Texas. *See* TEX. R. APP. P. 52.4, 52.8(b). The State, acting by and through Constance Filley Johnson, the criminal district attorney of Victoria County, Texas, asserts that relator "is not entitled to a hearing mandating a dismissal, but rather the only relief available to [r]elator is transfer of the action from a district court with felony jurisdiction to a court with jurisdiction over misdemeanor offenses." The State further contends that the "petition for writ of mandamus should be dismissed as moot because [relator's] proceedings have been transferred and the charges in the appropriate court have been dismissed." In this regard, the State has furnished us with copies of (1) the order transferring relator's case from district court to county court, signed on February 20,

2

2024, and (2) the order dismissing relator's criminal action in county court, signed on February 22, 2024.

"We are prohibited from issuing advisory opinions, the distinctive feature of which is that it decides an abstract question of law without binding the parties." *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.); *see* TEX. CONST. art. II, § 1; *Perez v. State*, 938 S.W.2d 761, 764 (Tex. App.–Austin 1997, pet. ref'd). When there is "nothing to mandamus," as when a case becomes moot, then "mandamus does not lie." *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (quoting *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding)); *see In re Evans*, 581 S.W.3d 431, 434 (Tex. App.—Texarkana 2019, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the State, and the applicable law, is of the opinion that this original proceeding has been rendered moot. Relator has received the ultimate relief he seeks in this original proceeding, that is, the dismissal of the charges against him, thus there is "nothing to mandamus." *See In re Bonilla*, 424 S.W.3d at 534. Accordingly, we dismiss the petition for writ of mandamus as moot.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of March, 2024.

3