Opinion issued September 16, 2004
              










In The
Court of Appeals
For The 
First District of Texas




NO. 01-03-01068-CR




 JAVIER OMAR GUITERREZ, Appellant

V.

THE STATE OF TEXAS, Appellees




On Appeal from the 174th District Court
 Harris County, Texas
Trial Court Cause No. 934884




O P I N I O N
          Appellant, Javier Omar Guiterrez, entered a plea of no contest, without an
agreed punishment recommendation from the State, to the first-degree felony offense
of arson. See Tex. Pen. Code Ann. § 28.02 (Vernon 2003). After having reviewed
a presentence-investigation report, the trial court assessed appellant’s punishment at
five years in prison. We determine whether, under Texas Code of Criminal Procedure
article 1.15, sufficient evidence supported appellant’s conviction. See Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004-2005). We affirm.
Sufficiency of Evidence to Support Plea
          In his sole issue, appellant contends that his judicial confession, in which he
stipulated that the indictment’s allegations were true, is insufficient to support his
conviction without the State’s providing additional evidence to prove the offense.
          Appellant’s “Waiver of Constitutional Rights, Agreement to Stipulate, and
Judicial Confession” provided in pertinent part as follows:
In open court and prior to entering my plea, I waive the right of trial by
jury. I also waive the appearance, confrontation, and cross-examination
of witnesses, and my right against self-incrimination. The charges
against me allege that in Harris County, Texas, JAVIER OMAR
GUITERREZ, hereafter styled the Defendant, heretofore on or about
January 2, 2003, did then and there unlawfully, START A FIRE by
IGNITING A FLAMMABLE LIQUID with the intent to destroy and
damage A HABITATION LOCATED AT 7063 DILLON, KNOWING
THAT THE HABITATION WAS WITHIN THE INCORPORATED
LIMITS OF A CITY, NAMELY HOUSTON, TEXAS.



 
AGAINST THE PEACE AND DIGNITY OF THE STATE.
 
I understand the above allegations and I confess that they are true and
that the acts alleged above were committed on January 2, 2003. In open
court I consent to the oral and written stipulation of evidence in this
case and to the introduction of affidavits, written statements, or
witnesses, and other documentary evidence.  . . .
  
(Emphasis added.) In the admonishments portion of the same document, appellant
again waived his rights to a jury trial and to the appearance, confrontation, and cross-examination of witnesses and “consent[ed] to the oral and written stipulations of
evidence in this case.” No further evidence was admitted. During the plea hearing,
appellant answered affirmatively to the judge’s question, “You understand that by
signing this [written waiver, stipulation and judicial confession] and pleading no
contest that you are stipulating that if the State were allowed to call witnesses, those
witnesses would testify that you committed this offense?” 
          A defendant charged with a felony offense may not be convicted on his plea
of guilty or no contest alone; rather, the State must introduce sufficient evidence to
support the plea. See Tex. Code Crim. Proc. Ann. art. 1.15. “The evidence is
sufficient under article 1.15 if it embraces every essential element of the offense
charged and establishes the defendant’s guilt.” Breaux v. State, 16 S.W.3d 854, 857
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). “The evidence may be stipulated
if the defendant . . . consents in writing, in open court, to waive the appearance,
confrontation, and cross-examination of witnesses, and further consents either to an
oral stipulation of the evidence and testimony or to the introduction of testimony by
affidavits, written statements of witnesses, and any other documentary evidence in
support of the judgment of the court.” Tex. Code Crim. Proc. Ann. art. 1.15. A
defendant who pleads no contest does not need to concede to the veracity of the
evidence to which he stipulates, but if he does, the court will consider the stipulation
to be a judicial confession. See Stone v. State, 919 S.W.2d 424, 426 (Tex. Crim. App.
1996); Barnes v. State, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no
pet.); Wright v. State, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.).
          Appellant recognizes that a judicial confession or stipulation of evidence, by
itself, suffices to sustain a conviction rendered upon a guilty plea.


 See, e.g., Johnson
v. State, 722 S.W.2d 417, 422-23 (Tex. Crim. App. 1986), overruled on other
grounds by McKenna v. State, 780 S.W.2d 797 (Tex. Crim. App. 1989); Dinnery v.
State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979). Appellant nonetheless asks that
we hold that a no contest plea must be supported by additional evidence. Our Court’s
and the Court of Criminal Appeals’s holdings are to the contrary, as are the holdings
of other courts of appeals.


 The cases on which appellant relies do not require a
contrary holding. In those cases, the State offered detailed evidentiary stipulations,
but the courts did not hold on the issue of whether a judicial confession alone
sufficed.



          Accordingly, we overrule appellant’s sole issue.

Conclusion
          We affirm the judgment of the trial court. 


                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Jennings, and Bland. 
Publish. See Tex. R. App. P. 47.2(b).