Opinion issued October 7, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00707-CR

———————————

David Vasquez, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 182nd District Court

Harris County, Texas



Trial Court Case No. 1136293

 



 

MEMORANDUM OPINION

  Appellant, David Vasquez, pled guilty to the
state jail felony offense of theft without a recommendation as to punishment.[1]  In his sole issue on appeal, appellant
contends that the trial court erred in accepting his guilty plea and finding
him guilty because the evidence was insufficient to support the plea pursuant
to article 1.15 of the Code of Criminal Procedure.[2]  We affirm. 


Background

Appellant was indicted for
unlawfully appropriating property belonging to Pedro Martinez, namely, a watch
with a value of over $1,500 and under $20,000, with intent to deprive Martinez
of the property.  Appellant subsequently
pled guilty to the charge without a recommendation as to punishment from the
State, and he signed a “Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession” in which he stated under oath that the
allegations in the indictment were true. 
After a pre-sentence investigation and a punishment hearing, the trial
court found appellant guilty and assessed his punishment at nine months
confinement in the State Jail Division of the Texas Department of Criminal
Justice. 

Discussion

In his sole issue on appeal,
appellant contends that the trial court erred in accepting his guilty plea and
finding him guilty because the evidence was insufficient to prove theft of a
watch, citing to a portion of the State’s closing argument during the
sentencing hearing.  Under
article 1.15 of the Texas Code of Criminal Procedure, the State must offer sufficient
proof to support any judgment based on a guilty plea
in a felony case tried to the court.  Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon 2005); see Menefee v. State, 287 S.W.3d 9, 13 (Tex. Crim. App.
2009).  The State must “introduce
evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient
evidence to support the same.”  Tex. Code Crim. Proc. Ann. art.
 1.15. A defendant who
pleads guilty does not need to admit the truth of the evidence to which he
stipulates, but if he does, the court will consider the stipulation to be a
judicial confession.  Stone v. State, 919 S.W.2d 424, 426 (Tex. Crim.
App. 1996); Barnes v. State,
103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no pet.).  A proffer of such evidence “will
suffice to support [a] guilty plea so long as it embraces every constituent
element of the charged offense.”  Menefee, 287 S.W.3d at 13.  

The evidence required
by article 1.15 may be stipulated if the defendant consents in writing, in open
court, to waive the appearance, the confrontation, and cross-examination of
witnesses and further consents to the oral and written stipulation of evidence
and to the introduction of affidavits, written statements of witnesses, and any
other documentary evidence.  See Tex. Code Crim. Proc. Ann. art. 1.15. The “Waiver of Constitutional Rights, Agreement
to Stipulate, and Judicial Confession” that appellant executed satisfies
this statutory requirement.  See Tex. Code Crim. Proc. Ann. art. 1.15. The judicial confession
in which appellant states that the allegations in the indictment are true, also
“embraces every constituent element of the charged offense,” including the
theft of a watch element.  See Menefee, 287 S.W.3d at 13.  Regardless of what the State argued during
the sentencing hearing, it is
well-settled Texas law that a judicial confession, standing alone, is
sufficient to support a guilty plea and satisfy the
requirements of article 1.15.  See Breaux
v. State, 16 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d) (citing Dinnery v. State, 592
S.W.2d 343, 353 (Tex. Crim. App. 1980)); Stewart v. State, 12
S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.)  Accordingly,
we hold that appellant’s stipulation of guilt and judicial confession, provide
sufficient evidentiary support for the judgment.

Conclusion

We affirm the judgment of the trial
court. 

 

 

                                                                   Jim
Sharp

                                                                    Justice 

 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See Tex.
Penal Code Ann. § 31.03(a), (e)(4)(A) (Vernon Supp. 2010).   





[2]           Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).